WILLIAM E. MITCHELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85612.   Promulgated November 25, 1941.

W. A. Sutherland, Esq., Edward R. Kane, Esq., and Elbert P. Tuttle, Esq., for the petitioner.
Jonas M. Smith, Esq., for the respondent.

BEFORE BLACK AND TURNER.

SUPPLEMENTAL FINDINGS' OF FACT AND OPINION PURSUANT TO MANDATE OF THE COURT.

BLACK: On August 15, 1939, our findings of fact and opinion were promulgated in this proceeding. Seè 40 B. T. A. 424. We had before us for redetermination the deficiencies in income tax and fraud penalties which the Commissioner had determined against petitioner for the years 1925, 1926, 1928, 1929, and 1930. In the concluding paragraph of our findings of fact thus promulgated, we found (p. 441):

Petitioner's income tax returns filed for the years 1925, 1926, 1928, and 1929 were not false or fraudulent, with intent to evade tax, and the statute of limitations has barred the deficiencies determined by the Commissioner for those years. Petitioner's income tax return for the year 1930 was false and fraudulent, with intent to evade tax, and part of the deficiency for that year is due to fraud with intent to evade tax.

Following these findings, we gave, in an opinion, our reasons for the conclusions thus reached. Pursuant to these findings of fact and opinion, on January 10, 1940, we entered a decision that there were no deficiencies for the years 1925, 1926, 1928, and 1929, because barred by the statute of limitations, and that there was a deficiency in petitioner's income tax for 1930 in the amount of $20,872.59 and in addition thereto there was a 50 percent fraud penalty for the year 1930 in the amount of $10,436.30.

From our decision for the years 1925, 1926, 1928, and 1929 the Commissioner did not petition for review and our decision for those years has now become final. From our decision for the year 1930, the taxpayer petitioned for review to the United States Circuit Court of Appeals for the Fifth Circuit, and that court has reversed our decision. See Mitchell v. Commissioner, 118 Fed. (2d) 308. Following its reversal of our decision the court issued its mandate, in which, among other things, it said:

It is now here ordered, adjudged and decreed by this Court, that the decision of the United States Board of Tax Appeals in this cause be, and the same is

hereby reversed; and that this cause be, and it is hereby, remanded to the said United States Board of Tax Appeals for further fact-findings as indicated in the opinion of this Court, and for a redetermination, reopening it for additional evidence if either side has any to offer.

Following the receipt of the court's mandate, an order was issued by the Board which contained, among other things, the following:

Said proceeding is hereby set for hearing under the said mandate of the Court in Washington, D. C., July 16, 1941, before a special division composed of Members Black and Turner, at which time the Board will receive any additional evidence which either side may have to offer. If neither side desires to offer any additional evidence, then oral arguments by the respective parties will be heard as to what further action the Board should take under the mandate of the Court.

At the hearing under the mandate of the court held on July 16, 1941, both parties appeared by their counsel, and each announced that they had no additional evidence to offer. Also, the counsel for each party announced they had no argument to make in addition to that already made in the original briefs filed with the Board, and left to the decision of the Board what further action it should take under the mandate of the court.

In making our findings of fact following the original hearing in this proceeding, we found the facts separately for each taxable year and then made some general findings, entitled "Other Findings." Based upon these evidentiary facts, as previously stated, we found as to the year 1930:

* * * Petitioner's income tax return for the year 1930 was false and fraudulent, with intent to evade tax, and part of the deficiency for that year is due to fraud with intent to evade tax.

In our opinion which accompanied these findings of fact, we undertook to state with some degree of particularity the reasons upon which our ultimate findings were based for the year 1930. Among other things, we stated as follows (p. 448):

The Commissioner does not have to establish his determination of fraud "beyond a reasonable doubt." All that he is required to do is to make proof of his fraud charges by a preponderance of the evidence which is clear and convincing. *In re Locust Building Co.*, 299 Fed. 756. In the instant case he has proved *clearly* that in filing his income tax return for 1930 petitioner used in large part all over again as his basis of cost for Commonwealth shares sold in that year the cost basis of shares which had been largely used up in the prior years of 1928 and 1929, he has proved that petitioner knew that he had no right to do this, and that the use of such unauthorized basis of cost was largely responsible for an understatement of income for 1930 of $209,040.34. This, in the absence of any satisfactory explanation by petitioner, is convincing proof to us that petitioner's income tax return for 1930 was false and fraudulent with intent to evade tax. Cf. *White v. United States*, 20 Fed. Supp. 623; *M. Rea Gano*, 19 B. T. A. 518; *Frank A. Weinstein*, 33 B. T. A. 105; *Charles E. Mitchell, supra*.

The court, in its opinion in reversing us, reviewed at some length the reasons which we gave for our ultimate finding that there was

fraud for 1930 and, as we construe the court's language, it holds that the facts which we found covering the year 1930 are not sufficient in law to support our finding that there was fraud for that year. The court directed that we make further findings of fact. In compliance with the court's order that we should make "further fact-findings as indicated in the opinion of this Court", we have carefully read the opinion of the court and have reexamined the entire record of evidence. After this reexamination, we find ourselves unable to make any material changes in the findings of evidentiary fact upon which our ultimate findings were based, that "Petitioner's income tax return for the year 1930 was false and fraudulent with intent to evade tax and part of the deficiency for that year is due to fraud with intent to evade tax."

As we have already stated, we construe the court's opinion to hold that as a matter of law the evidentiary facts which we have found in our prior report are not sufficient in law to sustain our ultimate finding that there was fraud for the year 1930. The court, in the concluding part of its opinion, stated in this connection as follows:

\* \* \* Negligence, whether slight or great, is not equivalent to the fraud with intent to evade tax named in the statute. The fraud meant is actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. Mere negligence does not establish either. *Griffiths* v. *Commissioner*, 50 Fed. (2) 782 [2 USTC ¶766]. We think there ought to be a fact-finding that Mitchell in making this return knew or did not know its probable falsity, and that he intended to evade a tax or did not. If Mitchell, though negligent, acted in good faith and with honest intent, and it is thought that Nabors did not, but that Nabors' bad faith can be visited on Mitchell, the exact facts again ought to be found that the legal application of them may be considered. Another question that has occurred to us, but has not been argued, is how far the Commissioner is bound by the testimony of his own witness Nabors, Nabors not being a party.

Therefore, in respectful compliance with the opinion of the court and its mandate, we adhere to all of our findings of fact contained in *William E. Mitchell, supra*, except the last sentence thereof, which was the ultimate findings of fact as to the year 1930 and has been quoted above. We strike out that sentence and the findings of fact which it contains and substitute in lieu thereof the following findings:

In the preparation of petitioner's income tax return for the year 1930, P. H. Nabors who prepared it for him was grossly careless in using as the cost basis of 22,050 shares of Commonwealth stock sold the cost basis of 5,000 shares of Southeastern stock which petitioner had acquired at a high cost in 1927 and substantially all of which had been used in the preparation of petitioner's income tax returns for the years 1928 and 1929 as the basis of cost of stock sold by petitioner in those years. Nabors, by the use of a slight degree of diligence, could have discovered the error and could have avoided it. The petitioner, in signing and swearing to his 1930 income tax return as being correct,

was grossly negligent in doing so. He might have, by the exercise of a slight degree of care and diligence, discovered the above mentioned error which led to a large overstatement of the cost of the shares of stock which petitioner sold and a consequent large understatement of his income for 1930. Notwithstanding their gross carelessness in these respects, neither Nabors nor Mitchell had actual knowledge that petitioner's income tax return for 1930 was false.

Therefore on these revised findings of fact and following the opinion of the court in *Mitchell* v. *Commissioner*, *supra*, we conclude that petitioner's income tax return filed for the year 1930 was not false or fraudulent with intent to evade tax and the statute of limitations has barred the deficiency and penalty determined by the Commissioner for the year 1930. This results in a holding for petitioner that there is no deficiency for the year 1930 because it is barred by the statute of limitations. Naturally, if there is no deficiency, there can be no penalty.

At the hearing held July 16, 1941, under the mandate of the court, counsel for petitioner stated that, in lieu of filing an appeal bond, the petitioner had paid a portion of the tax which the Board had adjudged against him for the year 1930. Inasmuch as there is no deficiency and no penalty for the year 1930, because barred by the statute of limitations, there is an overpayment of the amount paid by petitioner pending his petition for review.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

STERNHAGEN, TURNER, and OPPER dissent.