Richard A. Ench v. Commissioner.
Ench v. Commissioner
Docket No. 69685.
United States Tax Court
T.C. Memo 1962-161; 1962 Tax Ct. Memo LEXIS 150; 21 T.C.M. (CCH) 894; T.C.M. (RIA) 62161; June 28, 1962
*150 Held: 1. Respondent's use of increase in net worth and nondeductible expenditures method of computing petitioner's income approved and opening net worth determined. 2. Trade accounts receivable and payable not includible as petitioner's assets and liabilities, respectively, in a net worth computation of a cash basis taxpayer. 3. No part of the deficiency in any year was due to fraud with intent to evade tax and deficiency for the year 1947 is barred by the statute of limitations. 4. Additions to tax under section 291(a) and 294(d)(1)(A), I.R.C. 1939, approved; additions to tax under section 294(d)(2), I.R.C. 1939, not approved. Anthony R. Amabile, Esq., for the petitioner. Arthur Pelikow, Esq., for the respondent. BLACK *151 Memorandum Findings of Fact and Opinion The respondent has determined deficiencies in income tax and additions to tax under sections 291(a), 293(b), 294(d)(1)(A) and 294(d)(2), Internal Revenue Code of 1939, for the taxable years 1946, 1947, and 1948, as follows: Additions to Tax
Year
Deficiency
§ 291(a)
§ 293(b)
§ 294(d)(1)(A)
§ 294(d)(2)
1946
$25,456.04
$2,545.60
$12,728.02
$2,730.04
$1,623.02
1947
79,822.24
40,167.70
8,187.10
4,852.26
1948
12,468.07
6,234.04
688.08
The taxable year 1949 is involved because petitioner sustained a net operating loss in that year, which loss was carried back to 1947 and allowed as a net operating loss deduction. The respondent disallowed part of the net operating loss claimed by petitioner. The issues presented for decision are: (1) Whether the income of petitioner is properly reconstructed by respondent's computation of net worth plus nondeductible expenditures for the years 1946, 1947, 1948, and 1949 and specifically whether trade accounts receivable and trade accounts payable are includible in the net worth of a cash basis taxpayer. (2) Whether *152 all or part of the deficiencies in income tax, if any, for each of the years 1946, 1947, and 1948 are due to fraud with intent to evade tax. (3) Whether assessment and collection of any deficiency for the year 1947 is barred by the statute of limitations. Findings of Fact Some of the facts were stipulated and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner, an individual residing in Paterson, New Jersey, filed individual income tax returns for the taxable years 1946, 1947, 1948, and 1949 with the collector of internal revenue, Newark, New Jersey. Petitioner, trading as Rae Construction Company, was engaged in the construction of public and private roads and sewers. From 1946 through 1949, petitioner was also the principal officer and major stockholder of Brooks-Ench Ready Mixed Concrete Corporation. In 1949, petitioner formed the Ench Equipment Corporation and transferred certain fixed assets to that corporation. Petitioner operated his business from an office in his home in Paterson until 1949 when he transferred part of his operations to the offices of Brooks-Ench Ready Mixed Concrete Corporation *153 in Paterson. The office in his home was partially destroyed by fire in 1955 and certain business records were destroyed. Petitioner employed various bookkeepers to maintain his books and records under the part-time supervision of his sister. The bookkeepers were all qualified to keep simple business records but they were not, at all times, given complete information for recordation concerning petitioner's business operations so that the books and records were not up-to-date and contained certain errors and omissions. Petitioner was grossly negligent in failing to provide necessary information to his bookkeepers so that a proper record of his business activities could be maintained. Petitioner also employed various accountants to prepare his income tax returns. The accountants did not audit his books but prepared his tax returns based on the information contained in petitioner's faulty records. In certain instances omissions in gross income were discovered by the accountants by checking petitioner's bank statements and the additional amounts revealed were included in petitioner's tax returns. Petitioner ignored the advice of his accountants as to the necessity of keeping accurate *154 business records and he continued through the periods here involved to permit his books to be maintained in a negligent manner. A cash receipts books, a cash disbursements book, an accounts receivable ledger, checkbooks, deposit slips, and a job file were maintained by petitioner, none of which was accurate and they could not be completely reconciled with each other. Petitioner's income tax returns for 1945 and 1946 were prepared on a cash basis of accounting. For 1947, petitioner's income tax return was prepared and filed on the accrual basis without receiving respondent's permission. Petitioner filed his tax returns for 1948 and 1949 on the cash basis. On occasion petitioner acquired machinery and equipment in exchange for services rendered during the taxable years here involved and the income was not reported. In 1950, petitioner applied for a Reconstruction Finance Corporation loan and he was required to submit a 5-year financial history which included detailed lists of machinery and equipment. As of December 31, 1945, the unadjusted bases for office furniture, and machinery and equipment were $1,253.14 and $57,085.13, respectively. The accumulated depreciation reserves *155 with respect to office furniture and machinery and equipment were $603.41 and $37,233.21, respectively, on the same date. Petitioner had an investment in Investors Syndicate in the amount of $2,250 as of December 31, 1945, which he continued to own on December 31, 1949. Loans receivable were due petitioner from employees in the amount of $1,758.28 on December 31, 1945. On December 31, 1949, petitioner had $20 due from employees. Petitioner had approximately $2,500 in U.S. Treasury Bonds, Series E, as of December 31, 1945, which he continued to own on December 31, 1949. The bonds were lost or stolen in 1951. When bidding on municipal construction jobs petitioner was required to accompany his bids with certified bid deposit checks. On December 31, 1945, petitioner had a certified bid deposit check outstanding in the amount of $1,400 which was an asset of petitioner. All other certified checks issued by petitioner in 1945 had been returned to him and were redeposited in petitioner's bank account in that year. In 1946 and 1947, petitioner paid $34,075 to George Brooks as sales commissions; $1,500 was paid in 1946 and the balance in 1947. The commissions constituted ordinary and *156 necessary business expenses. The computation of net worth prepared by respondent and attached to the deficiency notice is as follows: COMPUTATION OF NET WORTH
December 31, 1945
December
31, 1946
1. U.S. Trust
$ 22,874.87
$ 13,465.00
2. First National Bank
3. U.S. Trust - Payroll Acct.
4. Bid Deposits
1,400.00
1,250.00
5. Deposits
1,000.00
50.00
6. Employee Loan Acct.
7. Accts. Receivable
51,306.63
8. Deferred Income
9. Investments
10. Investment in Ready Mix Co.
29,127.32
11. Land Minnisink Road
7,000.00
12. Land - West Paterson
954.19
954.19
13. Land - Water Street
500.00
500.00
14. Land - Miscellaneous
15. Bldgs. - Water Street
4,067.80
4,067.80
16. Bldgs. - Depr. reserve
$ 603.41
17. Furniture & Fixtures
1,277.14
18. Furniture & Depr.
19. Machinery & Equipment
58,338.27
95,944.17
20. Machinery Depr. reserve
37,233.21
21. Auto Trucks
28,232.80
33,084.33
22. Auto Trucks - Depr. reserve
11,933.44
23. Prepaid License
24. Prepaid Insurance
25. Prepaid Expense
26. Exchange
27. Exchange Ready Mix
28. Suspense
29. Due from Ench Equip. Co.
30. Loans Rec. - Ready Mix #1
31. Loans Rec. - Ready Mix #2
32. Loans Rec. - Ready Mix #3
33. Loans Rec. - Ready Mix #4
34. Loans Rec. - Ready Mix #5
35. Deposits Payable
2,200.00
36. Employees Withholding
758.26
37. Social Security accrued
179.32
38. Unemployment Insurance accrued
179.32
39. Accrued F.U.T.A.
40. Accounts payable
41. Notes payable
4,875.00
42. Land & Bldgs. - Belmont Ave. 6
6,995.30
43. Land & Bldgs. - Belmont Ave., Depr.
reserve
1,036.75
44. Land & Bldgs. - Marshall St.
7,000.00
45. Land & Bldgs. - Marshall St., Depr.
reserve
500.00
46. Capital - December 31
71,824.52
$131,323.23
$131,323.23
$238,026.58
*157 COMPUTATION OF NET WORTH
December
December 31, 1947
31, 1946
1. U.S. Trust
$ 28,845.96
2. First National Bank
3. U.S. Trust - Payroll Acct.
1,781.92
4. Bid Deposits
9,104.44
5. Deposits
50.00
6. Employee Loan Acct.
175.00
7. Accts. Receivable
50,308.55
8. Deferred Income
$ 51,306.63
9. Investments
10. Investment in Ready Mix Co.
29,127.32
11. Land Minnisink Road
12. Land - West Paterson
954.19
13. Land - Water Street
500.00
14. Land - Miscellaneous
15. Bldgs. - Water Street
4,067.80
16. Bldgs. - Depr. reserve
698.32
0
$ 793.23
17. Furniture & Fixtures
1,715.60
18. Furniture & Depr.
612.33
802.69
19. Machinery & Equipment
103,186.92
20. Machinery Depr. reserve
43,981.58
56,098.35
21. Auto Trucks
42,928.34
22. Auto Trucks - Depr. reserve
15,601.55
21,269.93
23. Prepaid License
24. Prepaid Insurance
25. Prepaid Expense
26. Exchange
112.33
27. Exchange Ready Mix
28. Suspense
270.56
29. Due from Ench Equip. Co.
30. Loans Rec. - Ready Mix #1
31. Loans Rec. - Ready Mix #2
32. Loans Rec. - Ready Mix #3
33. Loans Rec. - Ready Mix #4
47,321.87
34. Loans Rec. - Ready Mix #5
4,000.00
35. Deposits Payable
36. Employees Withholding
1,801.30
490.70
37. Social Security accrued
300.31
534.55
38. Unemployment Insurance accrued
300.30
988.71
39. Accrued F.U.T.A.
303.34
40. Accounts payable
30,078.03
41. Notes payable
42. Land & Bldgs. - Belmont Ave. 6
43. Land & Bldgs. - Belmont Ave., Depr.
reserve
44. Land & Bldgs. - Marshall St.
45. Land & Bldgs. - Marshall St., Depr.
reserve
46. Capital - December 31
123,424.26
213,091.27
$238,026.58
$324,450.80
$324,450.80
*158 COMPUTATION OF NET WORTH
December 31, 1948
December
31, 1949
1. U.S. Trust
$ 16,253.87
$ 652.58
2. First National Bank
62.00
3. U.S. Trust - Payroll Acct.
1,360.59
1,015.41
4. Bid Deposits
12,000.00
500.00
5. Deposits
1,050.00
85.00
6. Employee Loan Acct.
175.00
20.00
7. Accts. Receivable
75,017.87
61,063.57
8. Deferred Income
9. Investments
1,100.00
10. Investment in Ready Mix Co.
29,127.32
29,127.32
11. Land Minnisink Road
12. Land - West Paterson
954.19
954.19
13. Land - Water Street
500.00
14. Land - Miscellaneous
2,690.41
Metal -
3,000.00
15. Bldgs. - Water Street
4,067.80
Buildings
16. Bldgs. - Depr. reserve
$ 888.14
17. Furniture & Fixtures
1,715.60
2,010.60
18. Furniture & Depr.
991.43
19. Machinery & Equipment
118,677.12
20. Machinery Depr. reserve
61,536.18
21. Auto Trucks
46,591.72
22. Auto Trucks - Depr. reserve
28,328.32
23. Prepaid License
271.50
24. Prepaid Insurance
1,027.96
25. Prepaid Expense
140.00
26. Exchange
112.33
27. Exchange Ready Mix
228.34
28. Suspense
29. Due from Ench Equip. Co.
78,280.33
30. Loans Rec. - Ready Mix #1
24,683.01
32,683.01
31. Loans Rec. - Ready Mix #2
7,000.00
4,200.00
32. Loans Rec. - Ready Mix #3
3,650.41
12,574.71
33. Loans Rec. - Ready Mix #4
47,061.57
24,370.45
34. Loans Rec. - Ready Mix #5
9,049.31
3,141.71
35. Deposits Payable
36. Employees Withholding
1,414.20
37. Social Security accrued
697.28
38. Unemployment Insurance accrued
347.44
39. Accrued F.U.T.A.
394.03
40. Accounts payable
61,417.31
41. Notes payable
42. Land & Bldgs. - Belmont Ave. 6
43. Land & Bldgs. - Belmont Ave., Depr.
reserve
44. Land & Bldgs. - Marshall St.
45. Land & Bldgs. - Marshall St., Depr.
reserve
46. Capital - December 31
247,023.25
$403,037.58
$403,037.58
$255,209.22
*159 COMPUTATION OF NET WORTH
December
31, 1949
1. U.S. Trust
2. First National Bank
3. U.S. Trust - Payroll Acct.
4. Bid Deposits
5. Deposits
6. Employee Loan Acct.
7. Accts. Receivable
8. Deferred Income
9. Investments
10. Investment in Ready Mix Co.
11. Land Minnisink Road
12. Land - West Paterson
13. Land - Water Street
14. Land - Miscellaneous
15. Bldgs. - Water Street
16. Bldgs. - Depr. reserve
17. Furniture & Fixtures
18. Furniture & Depr.
$ 1,194.92
19. Machinery & Equipment
20. Machinery Depr. reserve
21. Auto Trucks
22. Auto Trucks - Depr. reserve
23. Prepaid License
24. Prepaid Insurance
25. Prepaid Expense
26. Exchange
27. Exchange Ready Mix
28. Suspense
29. Due from Ench Equip. Co.
30. Loans Rec. - Ready Mix #1
31. Loans Rec. - Ready Mix #2
32. Loans Rec. - Ready Mix #3
33. Loans Rec. - Ready Mix #4
34. Loans Rec. - Ready Mix #5
35. Deposits Payable
36. Employees Withholding
120.00
37. Social Security accrued
228.40
38. Unemployment Insurance accrued
348.32
39. Accrued F.U.T.A.
176.79
40. Accounts payable
10,984.88
41. Notes payable
1,500.00
42. Land & Bldgs. - Belmont Ave. 6
43. Land & Bldgs. - Belmont Ave., Depr.
reserve
44. Land & Bldgs. - Marshall St.
45. Land & Bldgs. - Marshall St., Depr.
reserve
46. Capital - December 31
240,655.91
$255,209.22
*160 As of December 31, 1945, petitioner had $152,636.79 in trade accounts receivable for construction services rendered by him in 1945 and prior years. On the same date petitioner owed $8,367.96 as trade accounts payable. On December 31, 1948, petitioner had loans receivable of $12,971.59 due from Brooks-Ench Ready Mixed Concrete Corporation which were incorrectly included by respondent in petitioner's trade accounts receivable for that year. For the years 1946 and 1948 the parties executed valid waivers extending the period of limitation within which an assessment of income tax could be made beyond the date on which the notice of deficiency herein was mailed to petitioner. No waiver was executed for the year 1947. No part of any deficiency in income tax for the years 1946, 1947, and 1948 is due to fraud with intent to evade tax. Opinion Net Worth Computation BLACK, Judge: The deficiencies determined herein by respondent result from a reconstruction of income by the net worth and nondeductible expenditures method. As we have stated in our Findings of Fact, petitioner's books and records were negligently maintained and there can be no question whatsoever, we think, of respondent's *161 right to determine petitioner's income by the net worth method. The testimony established that certain books and records kept by petitioner would have been sufficient to satisfy normal business record standards except for the fact that petitioner neglected and failed to present necessary information to his bookkeepers. The records were unreliable at best. Consequently, we find that respondent had the right to determine petitioner's income by a computation of net worth plus nondeductible expenditures. Certain adjustments to respondent's computation, however, are in issue. Respondent concedes that petitioner is entitled to an additional amount of $500 as an asset in the opening net worth on December 31, 1945. This $500 represents a deposit for the purchase of land on Minnisink Road. In addition, we have set forth in the Findings of Fact our conclusions as to certain disputed valuations of assets and liabilities to be included in the computation. We have found that respondent's determinations of the amounts for machinery and equipment, office furniture, bid deposit checks outstanding, petitioner's investments in Series E bonds and in Investors Syndicate, and depreciation reserves for *162 machinery and equipment and office furniture were correct. We accept petitioner's evidence to the effect that petitioner had made a number of small personal loans to his employees and that the outstanding amount of the loans on December 31, 1945, totaled $1,758.28. We also find that the payments made by petitioner to George Brooks as sales commissions in 1946 and 1947 constituted ordinary and necessary business expenses in the respective amounts paid in those years. The only other issue with respect to the computation of income by the net worth method concerns petitioner's trade accounts receivable and trade accounts payable. Petitioner had $152,636.79 in trade accounts receivable due him on December 31, 1945, for prior services rendered by him in his construction business. Petitioner also shows accounts payable in the amount of $8,367.96 owing on the same date. Petitioner contends that these trade accounts should be included in the opening net worth as assets and liabilities, respectively. Respondent in his computation of net worth accompanying the notice of deficiency includes accounts receivable and accounts payable in all the years except in the opening net worth. Respondent *163 now contends that accounts receivable and accounts payable should not be included in any year and to this extent concedes certain adjustments in the net worth computation. At the hearing of this proceeding respondent's counsel made the following statement: The net worth statements show, for the years 1947, 1948 and 1949, trade accounts receivable and trade accounts payable. With respect to these items, respondent at this time will concede that they should not be included in the net worth computation with one exception: For the taxable year 1948, the item of $75,017.87 should read $62,046.48. That item of seventy-five thousand dollars includes a loan receivable of $12,971.39 which should not be eliminated from the net worth computation. Effect will be given to this concession of respondent under Rule 50. Petitioner argues that a net worth computation is technically an accrual basis of accounting and that all of petitioner's assets and liabilities should be considered in the computation regardless of the method of accounting employed. Respondent now contends that petitioner filed his returns for the years 1945 and 1946 on the cash basis and that inclusion of trade accounts receivable *164 and trade accounts payable would have the effect of converting petitioner's cash basis of accounting to an accrual basis. We hold for the respondent on this issue. Petitioner was a cash basis taxpayer and filed his returns on the cash basis except for 1947, when he filed on the accrual basis without applying for permission to change his method of accounting. A net worth computation is not a method of accounting; it is not a substitute for either the cash or the accrual basis of accounting or any other recognized method of keeping books, Morris Lipsitz, 21 T.C. 917 (1954), affd. 220 F. 2d 871 (C.A. 4, 1955), certiorari denied 350 U.S. 845 (1955). The net worth analysis should utilize an accounting method consistent with the taxpayer's system. This view was adopted by the First Circuit in Scanlon v. United States, 223 F. 2d 382 (C.A. 1, 1955), wherein the court stated: This court agrees that it is not improper to exclude from such net worth estimate such items as accounts receivable and accounts payable, which are not attributable to the defendant's current income (income being that income which is reportable by a taxpayer on a cash *165 basis). * * * The respondent is justified in applying the net worth method, not to change the taxpayer's accounting method but to obtain a measurement of his income, cf. Charles F. Bennett, 30 T.C. 114 (1958); Clark v. Commissioner, 253 F. 2d 745 (C.A. 3, 1958); and United States v. O'Connor, 273 F. 2d 358 (C.A. 2, 1959). We hold that trade accounts receivable and trade accounts payable should be excluded from the net worth computation for all the years here involved as the respondent concedes. Petitioner's loans receivable, however, are attributable to his current income and should be included in the net worth computation. *
Petitioner orally conceded at trial that the amounts determined by respondent for other assets and liabilities shown in the computation were correct and there is no dispute as to the amounts determined by respondent for personal living expenses. Fraud We come next to the issue of fraud. The computation *166 of increases in net worth plus nondeductible expenditures for the taxable years here involved shows substantial yearly net worth increases in excess of reported income. However, the additions to tax for fraud determined by the respondent can only be imposed if there is an intentional wrongdoing with the intent to evade a tax believed to be owing. Based on the record presented here, we are of the opinion that the petitioner was grossly negligent in the supervision and maintenance of his record-keeping system. He left the preparation of his tax returns to accountants who did nothing more than rely on his faulty records. Certainly, petitioner was at fault and his business suffered because of his careless maintenance of records. But we are convinced that petitioner's tax difficulties arose solely from his faulty records and we do not find sufficient evidence to support the imposition of additions to tax for fraud. Lax methods of bookkeeping do not necessarily indicate fraud, Williamson Milling Co., 5 B.T.A. 814 (1926), and Walter M. Ferguson, Jr., 14 T.C. 846 (1950), nor is proof of negligence in any degree a substitute for specific evidence of wrongdoing, Mitchell v. Commissioner, 118 F. 2d 308 *167 (C.A. 5, 1941), reversing 40 B.T.A. 424, followed on remand, 45 B.T.A. 822 Supp. Op. (1941). Petitioner was haphazard and careless in his business responsibilities and his approach to his responsibilities for filing accurate income tax returns was equally careless. We believe that all of the income he failed to report was due to this careless approach without any specific fraudulent intent to evade tax. Accordingly, we do not approve the additions to tax for fraud determined by respondent. Since no waiver was executed by petitioner for 1947 and in the absence of a finding of fraud, the statute of limitations bars the collection of deficiencies for that year. For the years 1946 and 1948 where petitioner did execute waivers we approve the assessment of deficiencies as modified by the findings presented herein. With reference to the addition to tax under section 291(a), I.R.C. 1939, for delinquent filing of return in the amount of $2,545.60 for 1946, the Commissioner states in his deficiency notice as follows: It has been determined that the penalty shown herein for failure to make and file a return within the time prescribed by law, provided by section *168 291(a) of the 1939 Internal Revenue Code, is applicable for the taxable year ended December 31, 1946. There is no evidence in the record to show that the Commissioner erred in imposing this addition to tax; the Commissioner is therefore sustained. With respect to the additions to tax determined under section 294(d) of the 1939 Code only those additions owing under section 294(d)(1)(A) are approved and those under section 294(d)(2) are disapproved in accordance with Commissioner v. Acker, 361 U.S. 87. Decision will be entered under Rule 50. Footnotes
*. The words "not attributable" were replaced by the word "attributable" and the words "net worth" were added to this sentence by an official order of the Tax Court dated July 30, 1962, and signed by Judge Black.↩