MAURICE STECKLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steckler v. Commissioner
Docket No. 6345-74
United States Tax Court
T.C. Memo 1976-244; 1976 Tax Ct. Memo LEXIS 160; 35 T.C.M. (CCH) 1058; T.C.M. (RIA) 760244; August 9, 1976, Filed *160 Petitioner, a commission sales representative, consistently failed to report substantial amounts of income over 3 taxable years. He maintained bank accounts for nonexistent corporations. Petitioner resides in Florence, Italy and faces a fugitive warrant based on an indictment for federal income tax evasion. Held, consistent failure to report substantial amounts of income, combined with attempted concealment of income and continued absence in the face of a fugitive warrant for tax evasion, amounts to clear and convincing evidence of fraud under Code sec. 6653(b). Held further, the bank deposit method of reconstructing income is allowable in the absence of adequate records. However, respondent erroneously disregarded certain transfers between bank accounts. Held further, the fraud penalty prescribed by sec. 6653(b) was correctly applied. Respondent was correct in disregarding tax shown on petitioner's untimely returns for 1971 and 1972. Bennie F. Stewart,66 T.C. 54 (1976). Maurice Steckler, pro se. Gerald V. May, Jr., for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined deficiencies in petitioner's federal income tax and additions thereto for the years and in the amounts as follows: Additions to Tax Year
Deficiency
Sec. 6653(b)
Sec. 6651(a)-1
Sec. 6651(b)-2
1970
$15,038.56
$ 7,519.28
1971
11,679.09
10,271.40
1972
4,652.72
4,722.86
$226.05
$113.02 This Court granted respondent's Motion to Dismiss for Lack of Prosecution with respect to the deficiencies. [1] The only issue for determination is whether any part of the petitioner's underpayment of tax during the years involved was "due to fraud" within the meaning of section 6653(b), Internal Revenue Code of 1954. FINDINGS OF FACT Petitioner resided in Florence, Italy at the time he filed the petition in this proceeding. Petitioner filed tax returns *162 for the taxable years involved as follows: Year
Date Filed
Where Filed
1970
4/12/71
District Director, Phila., Pa.
1971
6/11/72
Off. of International
Operations, Wash., D.C.
1972
6/15/73
Off. of International
Operations, Wash., D.C. During those years petitioner was self-employed as a sales representative for various footwear manufacturers. He represented the Carter Rubber Company, Wilkes-Barre, Pennsylvania and Rest Right Slipper, Inc., New York, New York, among others. His income consisted primarily of commissions on sales made for those companies. Petitioner was on a cash basis method of accounting. Sometime around December, 1971 petitioner moved to Florence, Italy. In 1973 respondent began an investigation of petitioner's income tax returns for the taxable years 1970, 1971 and 1972. This investigation resulted in a determination of deficiencies in petitioner's returns. Respondent attributed the deficiencies to fraud on the part of petitioner. A fugitive warrant was issued by the U.S. District Court for the Eastern Judicial District of Pennsylvania on July 27, 1973 based on an indictment handed down for willfully attempting to evade *163 federal income tax. Said fugitive warrant is still outstanding. Respondent sent petitioner the statutory notice of deficiency on March 6, 1974. Petitioner filed his petition challenging respondent's determination from Italy and has continued to proceed with this matter through correspondence. Upon his failure to appear at the time and place scheduled for the trial of his case, facts of which petitioner was aware, the Court granted respondent's Motion to Dismiss for Lack of Prosecution with respect to the deficiencies, on January 20, 1976. The Court further ordered respondent to proceed with his burden of proof on the question of fraud. During the taxable years involved, petitioner maintained three separate checking accounts at Northeastern National Bank of Pennsylvania in Wilkes-Barre, Pennsylvania. Account Name
Acct. No.
Dates
Maurice or Florice Steckler
042-00495-4
4/15/57 to 11/9/72
Maurice Steckler Agency, Inc.
041-00508-7
6/8/56 to 8/10/71
Maurice Steckler, Inc.
041-01515-2
8/10/71 to 11/9/72 The named payee on each commission check, subject to petitioner's control, was one of the aforementioned entities. Most of these commission checks *164 were deposited in the corporate accounts. The nature of the aforementioned corporations is questionable. There are no records of a Maurice Steckler Agency, Inc. ever being incorporated in the Commonwealth of Pennsylvania. Maurice Steckler, Inc. was incorporated on July 1, 1971 in Pennsylvania. A search of records in New York revealed that a Maurice Steckler Agency, Inc. was incorporated in that state on July 7, 1931 but that the certificate of incorporation was cancelled on December 31, 1936. No federal income tax returns were filed by either of the apparent corporations for the taxable years involved. The deficiency is comprised primarily of unreported income, which failure to report respondent contends was due to fraud with the intent to evade tax. Although the deficiency also includes disallowed business expenses and additional self-employment tax, those items are not in issue since the deficiency proceeding was dismissed. Respondent determined the amounts of unreported income, in the absence of adequate records, by reference to the bank deposit method. Respondent obtained copies of the bank statements from petitioner's three accounts. Respondent also obtained cancelled *165 checks from Carter Rubber Co. and Rest Right Slipper, Inc. Where possible respondent correlated the cancelled checks with the records of deposits. There were some deposits that could not be identified. Respondent also considered transfers from one account to another and checks from Carter Rubber and Rest Right Slipper that were cashed and not deposited. Respondent computed unreported income as follows: Income
1970
1971
1972
from Carter Rubber: Deposited
$27,428.55
$28,868.48
Not Deposited
8,061.37
$23,585.77
from Rest Right Slipper: Deposited
16,443.71
5,339.99
Not Deposited
2,500.00
10,921.87
Unidentified: Corporate Accounts
5,633.40
Personal Accounts
14,608.81
.16,201.90
2,500.00
Determined by Respondent
$64,114.47
$60,971.74
$37,007.64
Per Taxpayer's Return
48,114.00
49,238.00
24,136.00
Adjustment for Unreported Income
$16,000.47
$11,733.74
$12,871.64 Upon review of respondent's reconstruction of petitioner's income, we find that respondent overlooked the following transfers between the Maurice Steckler, Inc. account and petitioner's personal account: Transfer Date
Amount
8/31/71
$2,834.76
9/16/71
1,564.00
10/5/71
1,564.00
12/16/71
1,492.67
12/28/71
1,500.00
$8,955.43
*166 This caused an overestimation of petitioner's income, and the adjustment for unreported income should be decreased by $8,955.43 in the taxable year 1971. In addition to this adjustment, respondent conceded errors in reconstructing petitioner's income of $1,798.19 and $800 for 1970 and 1971, respectively. ULTIMATE FINDING OF FACT We find that petitioner failed to report income of $14,202.28, $1,978.31 and $12,871.64 for the taxable years 1970, 1971 and 1972, respectively. This failure to report income was fraudulent with the intent of evading payment of federal income tax. OPINION The only issue remaining in this case is whether any part of petitioner's underpayment in each of the years at issue was due to fraud with the intent to evade tax. "The fraud meant is the actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing." Mitchell v. Commissioner,118 F. 2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939), Supp. Opinion 45 B.T.A. 822 (1941). Respondent has the burden of proof to establish fraud by clear and convincing evidence. Section 7454(a), Internal Revenue Code *167 . We recognize that proof of fraud can be shown in part by circumstantial evidence. Fraudulent intent can seldom be established by a single act of or by direct proof of the taxpayer's intentions. It is usually found by surveying his whole course of activity and is to be adduced, as any other fact, from the evidence of record and reasonable inferences properly to be drawn therefrom. Mitchell v. Commissioner,32 B.T.A. 1093, 1128 (1935), 89 F. 2d 873 (2d Cir. 1937), 303 U.S. 391 (1938). See also Frank Imburgia,22 T.C. 1002, 1014 (1954). Obviously petitioner's absence and his failure to return to the United States to clear up the fugitive warrant cast suspicion on the validity of petitioner's position. However, his absence is not conclusive on the fraud question. There has been no adjudication on his guilt or innocence in the criminal fraud proceeding, therefore fraud cannot be proven collaterally. While evidence of indictment and conviction of tax evasion sustains the burden of proof, evidence of indictment alone will not. Thomas J. McLaughlin,29 B.T.A. 247 (1933). Respondent seeks to prove petitioner's fraud by showing *168 a consistent failure to report substantial amounts of income over the 3 taxable years in issue. Our first consideration concerns the correctness of the method by which respondent reconstructed petitioner's income for the years at issue. Respondent used the bank deposit method, which is acceptable when the taxpayer does not produce books and records. John Harper,54 T.C. 1121 (1970). Respondent's determination is presumed to be correct and the burden of proving it erroneous lies with the petitioner. Rule 142(a), Tax Court Rules of Practice and Procedure. We have carefully reviewed respondent's application of the bank deposits method of constructing petitioner's income and find its use justifiable. Although petitioner did not offer any evidence to rebut respondent's determination, he did raise certain challenges based on respondent's evidence. Petitioner argues that respondent failed to consider certain transfers between accounts. Petitioner's contention regarding these transfers is supported by examination of the bank statements submitted into evidence by respondent. Those transfers, itemized in our findings of fact, were erroneously disregarded in reconstructing *169 petitioner's income. A party is not confined to the affirmative evidence adduced by him. If there is valid evidence that supports a finding, it is immaterial by which of the opposing parties the evidence was introduced. See L. Schepp Company,25 B.T.A. 419, 440 (1932). Petitioner uses his brief to try to "explain away" a large portion of the unreported income. [2] These contentions are not supported by any evidence. We have only the unsworn, self-serving statements in petitioner's brief which were not subject to cross-examination.These contentions cannot be seriously considered. Petitioner has not met his burden of proof. See Welch v. Helvering,290 U.S. 111 (1933). Respondent has sufficiently proven a failure to report substantial amounts of income in 1970, 1971 and 1972. Petitioner's failure to report income was not the only indicium of fraud. Petitioner tried to conceal his true income by depositing his commission checks *170 in accounts of sham corporations. Petitioner argues that it is "usual business practice" to keep more than one account. We cannot accept this argument. Depositing large sums of money in accounts of nonexistent corporations is suspicious. It is evidence of fraudulent intent because it indicates an attempt by petitioner to conceal his true income. Sam D. Hecht,16 T.C. 981 (1951). The "consistent failure to report substantial amounts of income over a number of years, standing alone, is effective evidence of fraudulent intent." Schwarzkopf v. Commissioner,246 F. 2d 731, 734 (3d Cir. 1957), affg. a Memorandum Opinion of this Court; Holland v. United States,348 U.S. 121 (1954). The failure to report income, combined with the attempted concealment of income and petitioner's continued absence from the United States, amounts to clear and convincing evidence of fraudulent intent. The fraud penalty prescribed by Code section 6653(b) is applicable if any part of any underpayment of tax is due to fraud. The measure of the penalty is 50 percent of the underpayment, the difference between the correct tax due and the tax shown on the *171 petitioner's timely return for each of the years at issue. Papa v. Commissioner,464 F. 2d 150 (2d Cir. 1972), revg. T.C. Memo. 1970-90, and Levinson v. United States,496 F. 2d 651 (3d Cir. 1974), cert. den. 419 U.S. 1040 (1974). Petitioner's returns for the years 1971 and 1972 were not timely and as such respondent was correct in disregarding tax payments made on those returns in the computation of section 6653(b) additions to tax. Bennie F. Stewart,66 T.C. 54 (1976). Decision will be entered under Rule 155. Footnotes
1. Order dated January 20, 1976.↩
2. Petitioner claims that certain "unidentified deposits" are in fact either loans or repayment of loans. He also claims to have filed a schedule C, Form 1040 in 1972 which itemized $7,500 in business deductions.↩