ROBERT R. HENDRICKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hendrickson v. Commissioner
Docket No. 8115-84.
United States Tax Court
T.C. Memo 1985-176; 1985 Tax Ct. Memo LEXIS 458; 49 T.C.M. (CCH) 1208; T.C.M. (RIA) 85176; April 8, 1985. Robert R. Hendrickson, pro se. Michael L. Boman, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions *460 to tax under sections 6653(b) [1] and 6654 as follows: Additions
Year
Deficiency
§ 6653(b)(1)
§ 6653(b)(2)
§ 6654
1981
$ 8,059.00
$4,029.50
$270.48
1982
$10,653.00
$5,326.50 *
$666.84
This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121, filed on January 28, 1985. PROCEDURAL BACKGROUND In this statutory notice of deficiency dated January 5, 1984, respondent determined that petitioner received gross income from wages and tax table income for 1981 and 1982 as follows: Item
1981
1982
Gross income from wages
$27,579.28
$34,683.51
Less personal exemption deduction
1,000.00
1,000.00
Tax table income
$26,579.28
$33,683.51
From these figures respondent determined the deficiencies (using married filing *461 separate status) and additions to tax set forth above. On March 26, 1984, the Court filed as a petition a letter from petitioner requesting that he be sent a petition form. On May 30, 1984, the Court filed as an amended petition the petition form received from petitioner. Petitioner filled out paragraphs 1 through 3 but did not sign the petition form nor did he set forth therein any basis for opposing respondent's determinations or allege any facts. Paragraph 4 of the petition form reads "Set forth those adjustments, i.e. changes, in the NOTICE OF DEFICIENCY with which you disagree and why you disagree." Petitioner left that portion of the petition form completely blank. However, he placed an "X" in the box at the bottom of the petition form to indicate that he did not want to elect the "small tax case" procedures. In his answer, which was filed on July 23, 1984, respondent alleged numerous facts in support of his determinations that petitioner's underpayments of tax for 1981 and 1982 were due to fraud. Respondent alternatively alleged in the answer that petitioner was liable for the additions to tax under sections 6651 and 6653(a) for delinquency and negligence, if we determine *462 that petitioner is not liable for the additions to tax under section 6653(b). Respondent set out additional factual allegations in support of that alternative position. Petitioner filed no reply to respondent's answer. On October 9, 1984, pursuant to Rule 37(c), respondent filed a motion for entry of an order that the undenied allegations in the answer be deemed admitted. On the same date, the Court served on petitioner a notice of respondent's motion, along with a copy of the motion. That notice indicated that the motion would be granted if petitioner did not file a reply on or before October 29, 1984.Petitioner filed no reply. Therefore, by order dated November 7, 1984, the Court granted respondent's motion, and deemed the undenied affirmative allegations of fact set forth in paragraphs 6(a) through 6(p) and 7(a) through 7(h) of respondent's answer to be admitted for purposes of this case. Upon entry of our order, the pleadings herein were closed and the case was at issue. See Rules 34, 36, 37, 38, and 121. On January 28, 1985, respondent filed the motion for summary judgment presently under consideration. On February 1, 1985, the Court served petitioner with a notice *463 of filing along with a copy of the motion. That notice of filing indicated that if there was an objection, a notice of objection, setting forth the basis for the objection, was to be filed on or before February 21, 1985. Petitioner did not file any objection or any notice of any objection to respondent's motion for summary judgment. The following findings of fact are based on the record as a whole, allegations in respondent's answer admitting allegations in the amended petition, and those facts in respondent's answer deemed admitted by our order of November 7, 1984. FINDINGS OF FACT Petitioner Robert Randall Hendrickson (petitioner) resided in Emporia, Kansas, at the time he filed the petition herein. Petitioner did not file Federal income tax returns with the Internal Revenue Service for 1981 or 1982. During 1981 and 1982, petitioner was employed by Davis Electrical Constructors, Inc. Petitioner's wage income from his employer, income tax liabilities, and income taxes withheld from his wages during 1981 and 1982 were as follows: Wage
Income Tax
Income
Year
Income
Liability
Tax Withheld
1981
$27,579.28
$ 8,059.00
$3,621.90
1982
$34,683.51
$10,653.00
$3,043.75
*464 Petitioner did not pay any portion of his Federal income tax liabilities for 1981 and 1982 in excess of the amounts withheld from his wages during those years. Petitioner knew and was well aware that he was required to file timely Federal individual income tax returns and that he had realized taxable income and had income tax liabilities for 1981 and 1982. Until 1981, petitioner had filed joint Federal income tax returns with his wife, Sandra L. Hendrickson, on which petitioner's income and income tax liabilities were duly reported. Nevertheless, petitioner failed to file income tax returns for 1981 and 1982. Instead, for 1981, petitioner filed a Form 1040 document purporting to be a return with the Internal Revenue Service Center in Austin, Texas.No financial information was provided on such document (except the amount of tax withheld) and each request for financial information was unanswered or answered with the words "object--self incrimination." Petitioner did not sign the Form 1040 purporting to be his tax return. Attached to this document were petitioner's affidavits signed April 17, 1976 in which petitioner, inter alia, acknowledged that persons with gross income *465 in excess of $750 must file income tax returns. [2]
During 1979 through 1983, *466 petitioner, with the intent to evade and defeat Federal income taxes, fraudulently filed with his employment false Employee's Withholding Allowance Certificates (Forms W-4), in which petitioner falsely certified under penalties of perjury that he was entitled to withholding allowances or exemptions form withholding as follows: Date of Certificate
No. of Allowances or Exemption Claimed
November 26, 1979
14 allowances
July 21, 1980
9 allowances
May 27, 1981
20 allowances
December 30, 1981
Exemption
June 2, 1982
9 allowances
June 29, 1982
Exemption
October 28, 1982
14 allowances
January 4, 1983
Exemption
For each of those W-4's in which petitioner claimed exemption, he falsely certified, under penalties of perjury, that he had incurred no liability for Federal income taxes for the preceding year, that he had a right to a full refund of all income tax withheld in the preceding year, and that he did not expect to owe any Federal income tax for the current year. At the time he made each of those false certifications, petitioner knew and was well aware that he had in fact incurred a liability for Federal income taxes for the preceding year, that he *467 did not have a right to a full refund of all taxes withheld for the preceding year, and that he would owe taxes for the current year. Petitioner, with the intent to evade and defeat Federal income taxes, refused to submit his books and records of account and records of his income-producing activities for 1981 and 1982 to respondent for examination. Petitioner's failure to file Federal income tax returns and to report and pay his Federal income tax liabilities for 1981 and 1982 was due to fraud with the intent to evade tax. All or part of petitioner's underpayment of tax for 1981 was due to fraud. All of petitioner's underpayment of tax for 1982 was due to fraud. OPINION It is clear from the affirmative allegations of fact that have been deemed admitted that respondent correctly determined the deficiencies in petitioner's Federal income taxes and the additions to tax under section 6654 [3] for 1981 and 1982. Thus, those determinations warrant no further comment. *468 We must next determine whether the underpayment of tax for each year in issue was due to fraud within the meaning of section 6653(b). The fraud envisioned by section 6653(b) is actual, intentional wrongdoing, and the intent required is a specific purpose to evade a tax believed to be owing. Stoltzfus v. United States,398 F. 2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Powell v. Granquist,252 F. 2d 56, 60 (9th Cir. 1958); Mitchell v. Commissioner,118 F. 2d 308 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939), followed on remand 45 B.T.A. 822 (1941). Respondent bears the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year in issue was due to fraud. [4] Sec. 7454(a); Rule 142(b). Respondent can satisfy his burden by showing that petitioner intended to evade taxes known to be owing by conduct calculated to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,supra,398 F. 2d at 1004; Webb v. Commissioner,394 F. 2d 366, 377 (5th Cir. 1968), affg. *469 a Memorandum Opinion of this Court; Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Acker v. Commissioner,26 T.C. 107, 111-113 (1956). *470 Fraud is a question of fact to be determined on the basis of the entire record. Mensik v. Commissioner,328 F. 2d 147, 150 (7th Cir. 1964), cert. denied 389 U.S. 912 (1967), affg. 37 T.C. 703 (1962); Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F. 2d 1383 (8th Cir. 1978); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Direct proof of the taxpayer's intent is rarely available; therefore, the taxpayer's entire course of conduct must be considered and the requisite fraudulent intent can be established by circumstantial evidence. Spies v. United States,317 U.S. 492 (1943); Rowlee v. Commissioner,supra,80 T.C. at 1123; Gajewski v. Commissioner,supra,67 T.C. at 200; Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,supra,53 T.C. at 105-106. Willful failure to file a timely return *471 does not in itself and without more establish liability for the fraud addition. Cirillo v. Commissioner,314 F. 2d 478, 482 (3d Cir. 1963), revg. in part and affg. in part a Memorandum Opinion of this Court. However, an intent to evade taxes may be inferred from the circumstances attending a particular failure to file, Cirillo v. Commissioner,supra, at 482, and a pattern of nonfiling, when coupled with affirmative evidence of intent to defraud, warrants imposition of the fraud addition. Stoltzfus v. United States,supra,398 F. 2d at 1005; Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). The filing of false withholding certificates is clear evidence of fraud. See Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Rowlee v. Commissioner,supra,80 T.C. at 1125, 1126; Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). A taxpayer's refusal to cooperate with respondent's attempt to determine his correct tax liability can be *472 a further indicium of fraud. Millikin v. Commissioner,298 F. 2d 830, 836 (4th Cir. 1962); Powell v. Granquist,supra,252 F. 2d at 61; Rowlee v. Commissioner,supra,80 T.C. at 1125; Grosshandler v. Commissioner,supra,75 T.C. at 20; Gajewski v. Commissioner,supra,67 T.C. at 200. Respondent can satisfy his burden of proving fraud through undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334, 337 (1981) (Court reviewed); Marcus v. Commissioner,70 T.C. 562, 577 (1978), affd. in an unpublished opinion 621 F. 2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. 260, 262 (1974). Here, material factual allegations in the answer regarding fraud with intent to evade tax have been deemed admitted by our order of November 7, 1984. They establish that: (1) For years prior to 1981 petitioner filed joint returns with his wife; (2) Petitioner failed to file returns for 1981 and 1982; (3) For 1981 petitioner filed a document purporting to be a return but which provided no financial information;
*473 (4) During the years 1979 through 1983 petitioner filed eight false withholding certificates claiming exemptions from withholding or withholding allowances in excess of the number to which he was entitled; (5) Petitioner refused to submit his books and records to respondent for examination; (6) All or part of petitioner's underpayment of tax for 1981 was due to fraud; and (7) All of petitioner's underpayment of tax for 1982 was due to fraud. These facts clearly and convincingly establish that all or part of petitioner's underpayment of tax for 1981 and all of petitioner's underpayment of tax for 1982 were due to fraud with intent to evade tax. Thus, we sustain respondent's imposition of the section 6653(b) additions. See n. 4, supra.
Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controvery so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, whow that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. *474 " In addition to those facts deemed admitted by our order of November 7, 1984, this record contains a complete copy of the notice of deficiency, the petition, the amended petition, and the answer. Respondent has amply demonstrated that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. therefore, respondent's motion for summary judgment will be granted in every respect. Finally, we consider whether we should, on our own motion, award damages to the United States under section 6673. [5] Under that provision, when this Court determines that the proceeding before it has been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position therein is frivolus or groundless, the Court, in its discretion, may award damages up to $5,000 to the United States. *475 Neither the petition nor the amended petition herein sets forth any basis for opposing respondent's determinations. Petitioner has not alleged a single justiciable fact. Petitioner has not alleged any facts, must less any facts that would support a claim that respondent's determinations are erroneous. Petitioner did not file a reply to respondent's answer. Petitioner did not file a reply or any objection to respondent's motion under Rule 37(c). Petitioner did not file a reply or any objection to respondent's motion for summary judgment, or any other document indicating petitioner's position in this case. The only hint of a position comes from the two tax protester-type documents attached to the essentially blank Form 1040 that petitioner filed as his purported tax return for 1981. [6] Those two documents, affidavits signed by petitioner in 1976, contain only frivolous or groundless contentions. See n. 2, supra. Petitioner has no basis for opposing respondent's determinations so far as this Court can discern from the record. Consequently, the only inference we can draw from the record as a whole is that not only is petitioner's position, if any, frivolous and *476 groundless, but this proceeding was instituted and maintained by petitioner primarily for delay. Thus, we award damages in the amount of $3,000 to the United States under section 6673. See Coulter v. Commissioner,82 T.C. 580 (1984); Abrams v. Commissioner,82 T.C. 403 (1984); Grimes v. Commissioner,82 T.C. 235 (1984). To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. * Fifty percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to fraud.↩
2. One of the affidavits was a preprinted tax protester form purporting to explain why he did not sign his return and why he claimed the Fifth Amendment. The other affidavit form (AFFIDAVIT OF MY UNDERSTANDING OF A UNITED STATES "DOLLAR") is another preprinted tax protester form containing frivolous arguments about what constitutes a "dollar." Such arguments that Federal Reserve Notes are not "dollars" or not "legal tender" are legally frivolous. United States v. Ware,608 F. 2d 400 (10th Cir. 1979); United States v. Benson,592 F. 2d 257 (5th Cir. 1979); United States v. Anderson,584 F. 2d 369 (10th Cir. 1978); Mathes v. Commissioner,576 F. 2d 70↩ (5th Cir. 1978). In this affidavit, petitioner says he does not understand what constitutes a dollar and argues that he has not earned any of what he calls "gold-dollars." However, he knows, just as any other taxpayer knows, that the Internal Revenue Service, like the corner grocer, is not asking him to report his income or pay his taxes in "gold-dollars" but in Federal Reserve Notes.
3. The additions to tax under section 6654 are mandatory because petitioner made no payment of estimated tax during the years in issue. See Durovic v. Commissioner,84 T.C. 101, 117-118 (1985); Grosshandler v. Commissioner,75 T.C. 1, 20-21↩ (1980).
4. Under section 6653(b)(1), if "any part" of the underpayment of tax is "due to fraud," the 50 percent fraud addition applies to the entire underpayment. Under section 6653(b)(2), there is a further addition of 50 percent of the interest payable under section 6601 "with respect to the portion of the underpayment" which is attributable to fraud. See sec. 6653(b)(2)(A). The term "underpayment" for purposes of either section 6653(b)(1) or section 6653(b)(2) is defined in section 6653(c)(1) as the "deficiency" as defined in section 6211, but with an exception. The parenthetical exception reads except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing * * *. (Emphasis added.) Also section 6211(b)(1) expressly provides that the "deficiency" is determined without regard to the credit under section 31 [withheld taxes]. Petitioner failed to file any return for 1982 and therefore any "deficiency" and consequently any "underpayment" will not be reduced by the amount of taxes actually withheld for the year. Compare the late filing addition under section 6651 which is imposed on the net amount due, rather than on the deficiency or underpayment. See sec. 6651(b). However, for purposes of the interest computation under section 6601, interest applies to the tax unpaid on or before the last date prescribed for payment. Sec. 6601(a). Under section 6513(b)(1) tax actually deducted and withheld at the source is deemed paid "on the 15th day of the fourth month following the close of [the taxpayer's] taxable year with respect to which such tax is allowable as a credit under section 31" (i.e. April 15). Further, section 6653(b)(2)(B) itself prescribes the period for computing the additional amount (50 percent of interest payable under section 6601) as * * * the period beginning on the last day prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax). Thus, if the Court determines that some portion of petitioner's underpayment of tax for each year is due to fraud, the 50 percent fraud addition will apply to the entire underpayment for each year. If the Court further determines, as respondent urges, that the entire underpayment of taxes for 1982 (the total deficiency amount of $10,653) is the portion attributable to fraud under section 6653(b)(2), nonetheless in computing interest under section 6601, it would seem that any interest for purposes of section 6601 or section 6653(b)(2) would be computed on the remaining unpaid tax of $7,609.25 and that the withheld tax of $3,043.75 would be deemed to have been paid on April 15, 1983, when the 1982 return was due.↩
5. As applicable to this case, section 6673 provides as follows: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩
6. That essentially blank Form 1040 does not constitute a tax return. See Edwards v. Commissioner,680 F. 2d 1268 (9th Cir. 1982) and cases collated at p. 1270; United States v. Porth,426 F. 2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824↩ (1970).