*Decision will be entered under Rule 50.*

DENNY YORK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48396. Filed July 22, 1955.

*Denny York, pro se.*
*Wayne W. West, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner recognizes that he has the burden to prove by clear and convincing evidence that the petitioner's return for 1946 was false and fraudulent with intent to evade tax, and if he fails, his whole determination falls because of the statute of limitations. "It is respondent's contention that the difference between the reported income of $2,950 and the amount of all deposits, less the adjustments explained in Exhibit M, constitutes unreported income to the petitioner in the amount of $6,176.99 and that the failure to report such income was due to fraud with intent to evade tax." He has attempted to prove that the petitioner and his wife had community income of $18,253.98 by showing "unexplained bank deposits" of $16,826.26, undeposited withdrawals from a business of $751.23, and net taxes paid by withholding of $676.49. The petitioner kept no books, and his only records were bank deposit slips, checks, and statements. The Commissioner was justified in resorting to other methods of determining the correct income and tax liability of the petitioner. However, the "unexplained bank deposits" involved herein, the principal and essential part of the Commissioner's case, are not in themselves clear and convincing evidence that the return was false and fraudulent with intent to evade tax. *Goe v. Commissioner*, 198 F. 2d 851. The "unexplained deposits" here merely represent deposits

which are unexplained to the satisfaction or in the opinion of the revenue agents who examined them and the Commissioner, who adopted their conclusions. The unexplained deposits may, as the petitioner testified and the Commissioner has not disproven, have included some funds which were held but not in the bank at the beginning of the year. The petitioner must have had some such funds in January to invest in the liquor business before he had a bank account. The unexplained deposits may have included money which did not represent income. See, however, *Goe* v. *Commissioner, supra*. The method does not take into account withdrawals which went into losses and the petitioner, a gambler, stated that he had losses in excess of his winnings. The petitioner did not satisfactorily explain the deposits, indeed he made little or no effort to explain them, but this failure of the petitioner does not make up the deficiency in the Commissioner's evidence to sustain the burden of proof of fraud placed upon him by statute. The Commissioner's case is wholly inadequate unless the unexplained bank deposits are proof of fraud. He has failed to prove fraud, the statute of limitations has run, there can be no deficiency and, consequently, no percentage additions.

Reviewed by the Court.

*Decision will be entered for the petitioner.*