RAMON GIL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gil v. Commissioner
Docket No. 6529-77.
United States Tax Court
T.C. Memo 1981-34; 1981 Tax Ct. Memo LEXIS 709; 41 T.C.M. (CCH) 779; T.C.M. (RIA) 81034; January 28, 1981. *709 Held, part of the underpayment of petitioner's 1973 and 1974 Federal income taxes was due to fraud with intent to evade tax under section 6653(b), I.R.C. 1954. Held further, respondent failed to prove by clear and convincing evidence that any part of petitioner's underpayment of tax for 1972 was due to fraud. Alan I. Appel, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies and additions to tax in petitioner's Federal income taxes: [1] Section 6653(b)
Year
Deficiencies
Addition to Tax
1972
$ 4,771.67
$ 2,385.83
1973
11,235.87
5,617.93
1974
39,763.56
19,881.78
When this case was called from the calendar and again when *710 the case was called for trial, there was no appearance by or on behalf of petitioner. At the trial, the Court granted respondent's motion to dismiss for lack of prosecution with respect to the deficiencies for the years 1972, 1973, and 1974. Accordingly, the only issue remaining for decision is whether any part of petitioner's underpayment of tax for each of the years in issue was due to fraud with intent to evade tax. FINDINGS OF FACT Ramon Gil (hereinafter petitioner) resided in New York City, New York, when he filed Federal income tax returns for the years 1972, 1973, and 1974. Petitioner resided at Pedregal San Jose de las Mates, Dominican Republic, when he filed his petition in this case. During 1973 and 1974, petitioner was the president and sole shareholder of Ramon Pants & Skirts Corporation 'hereinafter sometimes referred to as Ramon Pants, Inc.), a subcontractor for ladies sportswear manufacturers. For its fiscal year August 1, 1973 through July 31, 1974, Ramon Pants, Inc., was an electing small business corporation under subchapter S of the Internal Revenue Code. A Form 1120S "U.S. Small Business Corporation Income Tax Return" was filed on behalf of Ramon Pants, *711 Inc., for its taxable year ended July 31, 1974. This return reported taxable income of $ 2,659.53. During the period August 1, 1973 through December 31, 1973, Ramon Pants, Inc., received checks from Ju-el Manufacturing Co., Inc., and Eulisia Sportswear, Inc., totalling $ 58,222.11. Petitioner endorsed checks in the amount of $ 24,548.58 and deposited them in the corporation's bank account at National Bank of North America. The remaining checks in the amount of $ 33,673.53 were also endorsed by petitioner who then cashed them at A.B. Capital Corporation and Beaton Trading Co., Inc., two unlicensed check cashing establishments. These latter checks were not deposited in the corporate bank account. During the period January 1, 1974 through July 31, 1974, Ramon Pants, Inc., received checks from Ju-el Manufacturing Co., Inc., Eulisia Sportswear, Inc., and Sting Bee Inc., totalling $ 119,294.37. Checks aggregating $ 46,311.31 were endorsed by petitioner and deposited in the Ramon Pants, Inc. account at National Bank of North America. The remaining checks in the amount of $ 72,983.06 were also endorsed by petitioner and were cashed either by or on behalf of petitioner at various *712 unlicensed check cashing establishments. These latter checks were not deposited in the corporate bank account.The corporate checks cashed by petitioner during 1973 and 1974 were diverted to his personal use. During the years at issue, petitioner maintained a savings account and a checking account at the Banco Popular de Puerto Rico in New York City. Petitioner made deposits to his savings account in the following amounts: Year
Total Deposits
1972
$ 21,214.38
1973
45,086.75
1974
41,561.03
On his 1972 income tax return, petitioner reported gross income of $ 2,310. Petitioner prepared his income tax return for 1973. The return for 1974 was prepared by an accountant, Howard Feldman, from information supplied by petitioner. The gross income reported on those returns was $ 3,865 and $ 13,470.56, respectively. Petitioner did not inform his accountant that he cashed certain checks made payable to Ramon Pants, Inc., and these diverted funds were not reported as income on his returns for those years. The Internal Revenue Service investigated petitioner's tax liability for the years 1972 through 1974. With respect to 1973 and 1974, two special agents for *713 respondent made several unsuccessful attempts to contact petitioner both at his home and place of business and concluded that he was deliberately avoiding them. Petitioner did not furnish respondent with adequate books and records from which his correct income could be ascertained. Respondent's special agents thereupon examined third party sources including bank records of petitioner and Ramon Pants, Inc., and checks issued to that corporation from various clothing manufacturers. Based on this investigation, the agents discovered that petitioner received large sums of money in 1973 and 1974 which were not reported on his returns. In his notice of deficiency, respondent determined that petitioner had unreported income for the three years at issue in the amounts of $ 19,166.88, [2] $ 33,336.80 and $ 72,253.23, respectively. Respondent also determined that the underpayment of tax for those years was due to fraud and asserted additions to tax under section 6653(b). OPINION We must decide whether any part of petitioner's underpayment of taxes for each of the years at issue was due to *714 fraud with intent to evade tax under section 6653(b). The existence of fraud is a question of fact to be determined upon consideration of the entire record. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent has the burden of proving fraud and he must establish it for each taxable year involved by clear and convincing evidence. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Beaver v. Commissioner,55 T.C. 85, 92 (1970). To establish fraud, respondent must show that the taxpayer acted with the specific intent to evade a tax believed to be owing. Mitchell v. Commissioner,118 F. 2d 308, 310 (5th Cir. 1941). Since direct evidence of fraudulent intent is seldom available, respondent may meet his burden of proof with circumstantial evidence. Stone v. Commissioner,56 T.C. 213, 223-224 (1971). Such evidence includes conduct calculated to mislead or conceal. Spies v. United States,317 U.S. 492, 499 (1943); Gajewski v. Commissioner,67 T.C. 181, 200 (1976). Based on the entire record, we hold that respondent has established fraud for 1973 and 1974. *715 The evidence shows that between August 1, 1973 and July 31, 1974, Ramon Pants, Inc., received checks from its customers totalling $ 177,516.48 of which amount $ 70,859.89 was deposited to the corporation's bank account. The remaining checks totalling approximately $ 106,000 were not deposited to that account, however, but were instead cashed by petitioner for his personal benefit. Although these diverted corporate receipts clearly constituted income to petitioner, he did not report them on his tax returns. Such a large unexplained discrepancy between petitioner's actual income and his reported income constitutes clear evidence of fraud. Stone v. Commissioner,56 T.C. 213, 224 (1971). In addition, petitioner's conduct was certainly calculated to conceal his diversion of corporate funds. The record indicates that petitioner failed to disclose his misappropriations to the accountant who prepared his 1974 return. Such conduct evidences petitioner's intent to file a false and fraudulent return for that year. See Farber v. Commissioner,43 T.C. 407, 420 (1965). Moreover, petitioner cashed the diverted checks only at unlicensed check cashing establishments *716 which minimized the possibility of detection. Furthermore, he failed to supply respondent with adequate books and records thus necessitating the use of indirect methods to determine his income. Finally, respondent's agents were unable to contact petitioner either at his home or place of business despite numerous attempts to do so. From the credible testimony of those agents, we are convinced that petitioner's convenient absence was designed to frustrate respondent's investigations of his returns. See Lord v. Commissioner,525 F. 2d 741, 745-746 (9th Cir. 1975). Accordingly, we find that part of petitioner's underpayment of tax for 1973 and 1974 was due to fraud. We reach a different conclusion, however, with respect to respondent's assertion of fraud for 1972. While the record shows that petitioner made bank deposits during that year in excess of his reported income, this is not sufficient standing alone to establish fraud. C.B.C. Super Markets, Inc. v. Commissioner,54 T.C. 882, 897 (1970); York v. Commissioner,24 T.C. 742 (1955). Moreover, respondent offered no other evidence to satisfy his burden of proof on this issue. *717 Accordingly, respondent has not shown by clear and convincing evidence that any part of petitioner's underpayment of tax for 1972 was due to fraud. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Respondent determined petitioner's income for 1972 by using the bank deposits method.↩