MITCHELL v. COMMISSIONER OF INTERNAL REVENUE.

No. 9615.

Circuit Court of Appeals, Fifth Circuit.

March 14, 1941.

Reversed and remanded.

W. A. Sutherland and Edward R. Kane, both of Atlanta, Ga., for petitioner.

Warren F. Wattles and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

. SIBLEY, Circuit Judge.

The Board of Tax Appeals adjudged that William E. Mitchell should pay additional income taxes for the year 1930, though barred, and a penalty of fifty percent additional, because of fraud in the tax return with intent to evade the tax. Revenue Act of 1928, Secs. 276, 293, 26 U.S.C.A. Int. Rev.Code §§ 276, 293. Mitchell petitions for review upon the grounds that the particular facts found by the Board do not in law authorize the conclusion of fraud with intent to evade tax, and that there was no evidence of fraud but only of mistake and negligence.

The pleadings before the Board involved the taxes of five years, but the Board found in favor of Mitchell as to all save the year 1930. The allegations were at first general, but on Mitchell's motion for particulars the Commissioner amended by quoting the untrue items in the returns and stating the amount in dollars of the falsity, and concluded "(w) That the petitioner at the time of filing said federal income tax returns * * * knew the same to be false and nevertheless filed them with the intent that they should be accepted as true and correct." Mitchell replied by expressly admitting the incorrectnesses alleged, but as to (w) "Denies that the petitioner at the time of filing said federal income tax returns knew the same to be false; but admits that petitioner filed said returns with intent that they should be accepted as true and correct." The single issue therefore specifically drawn was whether Mitchell when he filed the 1930 return knew or did not know it was untrue.

The burden of proof was upon the Commissioner. Internal Revenue Code, Sec. 1112, 26 U.S.C.A. Int.Rev.Code, § 1112. Griffiths v. Commissioner, 7 Cir., 50 F.2d 782. To sustain it he swore as witnesses Mitchell, and P. H. Nabors who had prepared the return. Mitchell denied positively and with indignation that he knew the return was in any respect untrue; he had no books of account, but turned his papers and files over to Nabors whom he regarded as reliable and competent, and accepted the returns he prepared for all the years in question without checking the computations or doubting their correctness. Nabors also testified positively that he alone prepared the return, and what mistakes were made were his own, that he had no request from Mitchell to distort facts and would not have done that if asked to; that the mistakes made were wholly unintended and unknown, and that Mitchell did not check his computations so far as he knew. The returns, all of which for the years in question were made out by Nabors, were really complicated and he made many mistakes in them both for and against Mitchell. Stocks of the corporations for which Mitchell was working had been bought by him at different prices in forty-six purchases over ten years, there had been several stock dividends and reorganizations which complicated the costs, and there were about eighty-eight different sales. Mitchell was an engineer and not an accountant. Nabors had high school education and business and clerical experience but also was not an accountant. Very large mistakes were made later in an audit by a capable revenue agent; and an accountant employed by Mitchell whose work the Commissioner approved and adopted also went astray, as the Board itself found, and it corrected his results in Mitchell's favor. The particular error or falsity on which alone the Board condemned the 1930 return was that Nabors attributed a large part of the stock sold in 1930 to a block of 5,000 shares, acquired at a relatively high cost, after having in previous years attributed nearly 5,000 shares to that same stock purchase. Nabors admits that this was done, admits that he knew he could not treat the same stock as sold twice, and is unable to remember how he figured that there was so much of that block left, but he testifies that it was an honest mistake. There is no evidence that Mitchell figured on it or paid any attention to the question at all, though he knew that Nabors was attributing stock sales to the stocks having the highest costs. Mitchell's character and standing are found to be high. Similar errors which appeared in

prior returns and subsequent ones might have been some evidence of a dishonest plan, but they have all been pronounced innocent except in this one instance. If, therefore, these similar errors tend to prove anything it would not be fraud but innocent mistake in this instance also.

The Board made elaborate fact findings but did not find the fact directly put in issue by the pleadings—that Mitchell knew the return was false. The general conclusion that there was fraud with intent to evade tax is explained in an opinion by the majority which seems to us to indicate that they really held that Mitchell and Nabors were grossly careless and for that reason Mitchell ought not to be absolved. To that effect we quote, 40 B.T.A. 447: "Both petitioner and Nabors, who prepared the 1930 return for petitioner, admitted in their testimony at the hearing that they knew they had no right to use the cost basis of the same block of stock twice; they admitted that by the use of any reasonable degree of diligence they could have ascertained that most of the cost basis of the 5,000-share block had been used up in 1928 and 1929. They gave no reasonable explanation as to why they used the cost basis of the same 5,000-share block of stock twice. * * * We do not think petitioner can be guilty of such careless indifference to the basis of cost of shares of stock which he was selling and to a correct return and the oath to which he subscribed and now expect to be absolved from the consequences of his acts." The opinion stresses Nabors' inability to explain how he came to use in 1930 the cost basis of stock mostly used up in the returns of former years, despite his testimony that it was unintentional error not deliberately made, and then proceeds: "The substance of petitioner's explanation is that he relied upon the correctness of the computations made by Nabors and that it did not occur to him to question their accuracy. In the light of all the facts in the record, we find ourselves unable to accept this explanation." The Board had found it to be a fact that: "Before signing the returns petitioner would go over the completed returns in a general way with Nabors, but he never checked the clerical computations and details which had been computed by Nabors." We cannot tell whether the Board means to say that Mitchell's negligence in not questioning Nabors' results and not checking his computations was the ground for refusing to accept his explanation, or

whether they believed Mitchell knew the return was false and nevertheless filed it as true, as the Commissioner had alleged. Negligence, whether slight or great, is not equivalent to the fraud with intent to evade tax named in the statute. The fraud meant is actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. Mere negligence does not establish either. Griffiths v. Commissioner, 7 Cir., 50 F.2d 782. We think there ought to be a fact-finding that Mitchell in making this return knew or did not know its probable falsity, and that he intended to evade a tax or did not. If Mitchell, though negligent, acted in good faith and with honest intent, and it is thought that Nabors did not, but that Nabors' bad faith can be visited on Mitchell, the exact facts again ought to be found that the legal application of them may be considered. Another question that has occurred to us, but has not been argued, is how far the Commissioner is bound by the testimony of his own witness Nabors, Nabors not being a party.

We remand the case to the Board for further fact-findings above indicated and for a redetermination, reopening it for additional evidence if either side has any to offer.

Reversed and remanded.