EDWARD LaFRENIERE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
La Freniere v. Commissioner
Docket No. 2290-74.
United States Tax Court
T.C. Memo 1980-386; 1980 Tax Ct. Memo LEXIS 196; 40 T.C.M. (CCH) 1239; T.C.M. (RIA) 80386; September 16, 1980, Filed Richard M. Campbell, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION
*197 WILBUR, Judge: The Commissioner determined the following income tax deficiencies and additions to tax against petitioner: Additions to Tax
Additions to Tax
Year
Deficiency
under Sec. 6654(a)
under Sec. 6653(b)
1963
$11,176.36
$312.94
$5,588.18
1964
11,431.05
320.08
5,715.52
1965
5,741.45
160.77
2,870.73
1966
8,406.44
235.39
4,203.22
The two issues for decision are (1) whether petitioner is liable for deficiencies in income taxes and additions to tax under section 6654(a) [1] for failure to pay estimated tax and (2) whether petitioner's failure to file tax returns for the years in issue was due to fraud with intent to evade tax. FINDINGS OF FACT Petitioner, Mr. LaFreniere, resided in Southold, New York, at the time the petition was filed in this case. Some of the relevant facts have been deemed admitted under Rule 37, Tax Court Rules of Practice and Procedure.
Petitioner was an attorney who had practiced law in Suffolk County, New York, for more than 30 years before 1963, the first year in issue. In the course *198 of his law practice, he represented many of his clients before the Internal Revenue Service. Petitioner filed tax returns for the years 1960 through 1962, each showing taxable income of around $4,500. In 1963, petitioner employed an accountant, Mr. Epstein, to prepare his tax returns from information supplied by petitioner. The taxable income shown on this return was approximately $4,500, with a tax liability of over $900.Mr. LaFreniere did not file the return with the Internal Revenue Service. Nor did Mr. LaFreniere file returns for the years 1964, 1965, or 1966. In November 1966 petitioner was disbarred from the practice of law. The Service began investigating petitioner's failure to file returns for 1963, 1964, and 1965 in December 1966. The year 1966 was later added to the investigation. Despite the fact that the special agent made numerous requests to petitioner that he submit his books for the 1963 through 1966 years for inspection, Mr. LaFreniere failed to comply for over 2 years. In 1969, Mr. LaFreniere did furnish some papers, amounting to incomplete bank statements and some checks. No other records were submitted by Mr. LaFreniere or his representatives. Petitioner *199 told the special agent that he did not maintain any books or records accounting for fees owed or collected from his clients. He told the special agent that during the years in question he received only $200 to $300 of legal fees in cash and that he deposited all checks and money orders received as legal fees for those years in his bank accounts. Because petitioner kept incomplete and inadequate records for the years 1963-1966, respondent reconstructed petitioner's income for those years using the bank deposits method. This method required respondent to analyze petitioner's available bank records; records obtained directly from the 30 banks in which petitioner kept 47 accounts; interviews and affidavits from petitioner's clients; interviews with petitioner, his attorneys, and the accountant hired by his attorneys; petitioner's prior tax returns; and legal files obtained from an attorney who succeeded to petitioner's practice after he was disbarred. Respondent determined that for the years 1963 and 1964, Mr. LaFreniere received fees in cash in the amounts of $6,199.90 and $4,028.28, respectively, and cashed checks and money orders he received as legal fees in the amounts of $7,763 *200 and $8,768.07. Respondent did not determine legal fees paid in cash for the years 1965 and 1966, but did find that petitioner made cash deposits amounting to approximately $17,000 and $7,900 for those years. Respondent reconstructed petitioner's gross business income, checking the source of each transaction, so that transfers between accounts were not included in income. Business deductions were subtracted to reach net business income. Respondent then added interest income to reach adjusted gross income. Finally, respondent subtracted itemized deductions and exemptions to reach taxable income. By this means, respondent ascertained petitioner's taxable income for the years 1963-1966 to be $26,285.47; $28,806.88; $18,693.88; $23,941.08. A partial breakdown of respondent's computation is provided below: 1963
1964
1965
1966
Gross income from
business
$46,911.04
$57,020.66
$45,575.47
$37,545.92
Less business
deductions
18,345.74
26,050.87
19,942.76
16,857.93
Business income
$28,565.30
$30,969.79
$25,632.71
$20,687.99
Plus interest
income
$ 2,835.74
$ 2,552.25
$ 2,183.44
$11,855.42
Adjusted gross
income
$31,401.04
$33,522.04
$27,816.15
$32,543.41
Less itemized
deductions
and exemptions
$ 5,115.57
$ 4,715.16
$ 9,122.27
$ 8,602.33
Taxable income
$26,285.47
$28,806.88
$18,693.88
$23,941.08
*201 In April 1971 petitioner pled guilty to two counts of willfully failing to file Federal income tax returns for the years 1964 and 1965, in violation of section 7203. The notice of deficiency for the 1963-1966 taxable years was dated January 24, 1974. Mr. LaFreniere timely filed a petition with the Court on April 2, 1974. This case was set for trial twice in 1976, but had to be continued each time because of petitioner's poor physical health. Petitioner suffered from severe heart disease, and he died on January 4, 1977. [2] The Court found after an investigation that petitioner's survivors did not intend to prosecute the case. Petitioner's counsel withdrew from the case. At trial no one appeared on petitioner's behalf. Respondent introduced evidence on the issue of fraud, as to which he bears the burden of proof.
*202 OPINION The two issues for decision are (1) whether petitioner is liable for deficiencies in income taxes and additions to tax under section 6654(a), and (2) whether petitioner's failure to file returns for the years in question was fraudulent with intent to evade tax. Respondent has argued that should no fraud be found, alternte penalties under sections 6651(a) and 6653(a) should be imposed. 1. Deficiencies in income taxes and additions to tax under section 6654(a)
It is well settled that the notice of deficiency is presumptively correct. Welch v. Helvering,290 U.S. 111 (1933). Further, Rule 142, Tax Court Rules of Practice and Procedure places the burden of proof with respect to the deficiency in tax and the addition to tax under section 6654(a) [3] on the petitioner. Imposition of the section 6654(a) penalty is mandatory unless petitioner proves that one of the enumerated exceptions apply. Such is not the case here. Since no one appeared on petitioner's behalf at trial and no evidence was presented to carry petitioner's burden, the deficiencies and the additions to tax under section 6654(a) will be sustained. Hollman v. Commissioner,38 T.C. 251 (1962). *203 2. Additions to tax for fraud
Section 6653(b) [4] provides that if any part on underpayment of tax is due to fraud, an addition to the tax of 50 percent of the underpayment shall be imposed. Fraud in an act of intentional wrongdoing with the specific purpose to evade a tax believed to be owing. Mitchell v. Commissioner,118 F.2d 308 (5th Cir. 1941), 10 Mertens, Law of Federal Income Taxation, sec. 55.10 p. 44 (1976 (rev.). The existence of fraud is a question of fact which must be determined upon consideration of the entire record. Stone v. Cimmissioner,56 T.C. 213 (1971); Stratton v. Commissioner,54 T.C. 255 (1970). The burden of *204 proof lies with the respondent to establish fraud by clear and convincing evidence. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stratton v. Commissioner,supra;Beaver v. Commissioner,55 T.C. 85 (1970). This burden may be met by the affirmative allegations in the answer which have been deemed admitted under Rule 37(c). Gilday v. Commissioner,62 T.C. 260 (1974); Morris v. Commissioner,30 T.C. 928 (1958). Circumstantial evidence may also be used. Powell v. Granquist,252 F.2d 56 (9th Cir. 1958). We hold that there is sufficient evidence in the record to sustain a finding of fraud. Failure to file returns may be evidence of intent to defraud, although not conclusive. Beaver v. Commissioner,supra. *205 Petitioner clearly knew of his obligation to file, and realized he earned enough income to require him to file. He was an attorney, had filed in the past, and previously represented clients before the Service. His failure to file returns under these circumstances points to an attempt to evade taxes. False or incomplete representations to return preparers are indicative of fraud. Farber v. Commissioner,43 T.C. 407 (1965). Petitioner had an accountant prepare a tax return for 1963, which petitioner never filed. Mr. LaFreniere supplied the information for his return, which showed taxable income of only $4,500, far less than the $26,285.47 taxable income earned according to respondent's computations. Petitioner's failure to cooperate with the Internal Revenue Service during its investigation of his tax liability is also relevant. Lord v. Commissioner,525 F.2d 741 (9th Cir. 1975); Powell v. Granquist,supra. Petitioner supplied no records for over 2 years, despite numerous requests by the special agent. The records he ultimately did supply were incomplete. Furthermore, petitioner told the special agent that he received *206 only nominal amounts in cash fees for the years in question, which he deposited in the bank. When petitioner's income was reconstructed, respondent discovered that petitioner had in a fact received thousands of dollars in cash fees, much of which was not deposited. These continuing attempts to conceal his true income from respondent's agents and others are very strong evidence of fraud. Lord v. Commissioner,supra; Stone v. Commissioner,supra.
Another indicator of fraud is failure to keep adequate books and records. Lollis v. Commissioner,595 F.2d 1189 (9th Cir. 1979). Estate of Mazzoni v. Commissioner,451 F.2d 197 (3d Cir. 1971); Otsuki v. Commissioner,53 T.C. 96 (1969). Petitioner was an experienced attorney, well aware of the need to keep accounts. He had represented many clients before the Internal Revenue Service. His failure to keep records points to fraud. Acker v. Commissioner,26 T.C. 107 (1956). Mr. LaFreniere's plea of guilty to the crime of willful failure to file income tax returns for 1964 and 1965 is yet another factor which points to fraud. Lord v. Commissioner, supra; *207 Powell v. Granquist,supra.
After our review of the record, we are persuaded that the evidence the respondent presented clearly and convincingly establishes that petitioner's failure to file income tax returns was due to fraud. Since the fraud penalty is sustained, we do not reach respondent's arguments in support of his alternative claims. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue.↩
2. To determine whether there were heirs interested in having a fiduciary appointed and prosecuting the case, an appropriate order was served on petitioner's known survivors, and petitioner's counsel was directed to make appropriate inquiries and file a written report, which he did. The Court was informed that there was no interested party or heir who intended to conduct any proceeding relative to the estate, but pursuant to court order all subsequent papers were nevertheless served on petitioner's surviving widow. As noted, infra,↩ the Court has no alternative under the circumstances but to sustain respondent's determination as to those issues on which the petitioner has the burden of proof.
3. SEC. 6654. FAILURE BY INDIVIDUAL TO PAY ESTIMATED INCOME TAX. (a) ADDITION TO THE TAX.--In the case of any underpayment of estimated tax by an individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 and the tax under chapter 2 for the taxable year an amount determined at the rate of 6 percent per annum upon the amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (c)).↩
4. SEC. 6653. FAILURE TO PAY TAX. (b) FRAUD.--If any aprt of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a).↩