ALLEN DALE COOK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cook v. Commissioner
Docket No. 12536-78.
United States Tax Court
T.C. Memo 1980-415; 1980 Tax Ct. Memo LEXIS 172; 40 T.C.M. (CCH) 1334; T.C.M. (RIA) 80415; September 22, 1980, Filed *172 During 1975 and 1976 petitioner received $31,904.91 and $26,231.68 in compensation. Petitioner did not file returns for those years. In 1975, petitioner filed a Form W-4 claiming 12 withholding allowances. On March 1, 1976, he filed a Form W-4 claiming 99 withholding allowances. On March 9, 1976 petitioner filed a Form W-4E, Exemption from Withholding, with his employer. The Forms W-4 and Form W-4E were false. Held, petitioner's compensation is taxable. Held further, petitioner is not entitled to compensatory damages, punitive damages, or a jury trial. Held further, a part of petitioner's 1975 and 1976 underpayments of tax was due to fraud. Allen Dale Cook, pro se. Wayne R. Appleman, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: By letter dated September 27, 1978, respondent determined the following deficiencies and additions to tax for fraud pursuant to section 6653(b) [1]: Year
Deficiency
Sec. 6653(b) addition
1975
$10,169.87
$5,084.94
1976
7,259.39
3,629.69
The issues for decision are: (1) whether petitioner's *173 wages are subject to tax; (2) whether petitioner is entitled to a jury trial and damages; (3) whether any part of petitioner's underpayment of taxes was due to fraud; and (4) in the alternative to Issue (3), whether petitioner is liable for the addition to tax for failure to file a return (section 6651) and for negligence (section 6653(a)). FINDINGS OF FACT There has been no stipulation of facts. On September 7, 1979 respondent served petitioner with a Request for Admissions pursuant to Rule 90, Tax Court Rules of Practice and Procedure.[2] Respondent's Request for Admissions was filed with the Court on September 10, 1979. Petitioner has filed no response to the Request for Admissions and pursuant to Rule 90(c) the matters raised in the Request for Admissions are deemed admitted by petitioner. Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Accordingly, the pleadings in the instant case and respondent's Request for Admissions form the basis of these findings of fact. Petitioner was a resident of Alaska when he filed his petition herein. Petitioner did not file Federal income *174 tax returns for the years 1975 and 1976. From January 1975 to August 1976 petitioner was employed by the Bendix Field Engineering Corporation (hereinafter Bendix) as an electronic technician at the Gilmore Tracking Station, Fairbanks, Alaska. During the year 1975 petitioner received $31,904.91 in wages or other compensation from Bendix. During 1976 petitioner received a Form W-2, Wage and Tax Statement, for 1975 from Bendix reflecting $31,904.91 in wages and other compensation. During 1976 petitioner received $26,231.68 in wages or other compensation from Bendix. During 1976 or 1977 petitioner received a Form W-2 for 1976 from Bendix reflecting $26,231.68 in wages and other compensation. On January 22, 1975 petitioner filed a Form W-4, Employee's Withholding Allowance Certificate, with Bendix on which petitioner claimed 12 withholding allowances. On March 1, 1976 petitioner filed a Form W-4 with Bendix on which petitioner claimed 99 allowances. On March 9, 1976 petitioner filed in Form W-4E, Exemption from Withholding, with Bendix. Petitioner filed a Form 1040, Federal Individual Income Tax Return, for each of the years 1971 and 1972. Petitioner did not file a Form 1040 for *175 any of the years 1973, 1974, 1975 or 1976. Petitioner did not file Alaska State Individual Income Tax Returns for the years 1975 and 1976. Prior to 1975 petitioner was married to Joanne Cook. Petitioner lived with Joanne Cook during 1975 and 1976.During December 1975 petitioner provided the funds for Joanne Cook to purchase a 1976 Toyota Land Cruiser. OPINION The first issue is whether petitioner's wages and other compensation received from Bendix during 1975 and 1976 are taxable. Petitioner filed no Federal tax returns for those years. Respondent's determination is presumed correct and petitioner bears the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933). Petitioner chose at trial not to introduce any evidence nor to answer respondent's questions when he called him as his witness. It is clear that petitioner's compensation from Bendix is gross income, section 61(a)(1). Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). Accordingly, we sustain respondent's determination regarding the deficiencies for 1975 and 1976. In his petition, petitioner seeks compensation for actual damages and also requests punitive damages be awarded. This Court is without *176 authority to grant petitioner compensatory or punitive damages. Petitioner has also requested a trial by jury in the instant case. It is well established that the Seventh Amendment does not entitle the petitioner to a jury trial in the Tax Court. Wickwire v. Reinecke,275 U.S. 101 (1927); Swanson v. Commissioner,65 T.C. 1180 (1976). Respondent has also determined that a part of the 1975 and 1976 underpayments of petitioner's tax was due to fraud on petitioner's part. [3] Respondent bears the burden of proof in this issue and must show fraud by clear and convincing evidence, section 7454(a), Rule 142(b). Fraud is the intent to evade a tax believed to be owing. Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958); Mitchell v. Commissioner,118 F.2d 308, 310 (5th Cir. 1941). Fraud is not to be presumed or imputed, Carter v. Campbell,264 F.2d 930, 935 (5th Cir. 1959). Petitioner did not file tax returns for 1975 and 1976. Petitioner had filed tax returns *177 for 1971 and 1972, thus petitioner's statement in his petition that "I had no knowledge whatsoever as to being required to make a return by reason of having had or having received $31,904.91 or $26,231.68 or any other amount of Dollars in 1975 or 1976" is not credible. Petitioner appeared to be an intelligent person, had previously filed tax returns and was clearly required by law to file returns for 1975 and 1976, section 6012. We find that petitioner was aware of his duty to file tax returns for 1975 and 1976. Petitioner also filed false withholding certificates with his employer. Petitioner first claimed 12 withholding allowances, then claimed 99 withholding allowances and finally represented to Bendix that his wages were exempt from withholding altogether. [4] Petitioner thus sought to have little or no tax withheld from his wages. Respondent has shown fraud on the part of petitioner during both 1975 and 1976. Petitioner not only failed to file the required returns, thus failing to report his income, but also filed false withholding certificates in order to avoid paying any tax due. *178 Petitioner's conduct constitutes fraud. [5] Accordingly, petitioner is liable for the 50 percent addition to tax pursuant to section 6653(b). [6]
Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Section 6653(b) provides, in part: (b) Fraud.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *↩
4. It appears from the record that petitioner and his wife had no children during 1975 and 1976.↩
5. See Forbush v. Commissioner,T.C. Memo. 1979-214↩. 6. Because of our holding we need not consider respondent's alternative argument regarding the section 6651 and 6653(a) additions to tax.↩