SHEIKESS GLORIA CHERRY-EL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cherry-El v. Commissioner
Docket No. 11346-79
United States Tax Court
T.C. Memo 1982-404; 1982 Tax Ct. Memo LEXIS 347; 44 T.C.M. (CCH) 502; T.C.M. (RIA) 82404; July 19, 1982. Sheikess Gloria Cherry-El, pro se. Susan B. Watson, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Taxable
Additions to Tax
Year
Deficiency
6651(a) *
6653(a) *
6653(b)
1975
$1,192.00
$298.00
$59.60
$596.00
1976
995.46
248.87
49.77
497.73
*348 The issues presneted for our decision are: (1) whether peitioner is exempt from the payment of Federal income tax; (2) whether petitioner is liable for the additions to tax for fraud under section 6653(b); [1] and (3) alternatively, in the event we determine that petitioner's underpayments were not due to fraud, whether petitioner is liable for the additions to tax under sections 6651(a) and 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner Sheikess Gloria Cherry-El resided in Baltimore, Maryland, at the time she filed her petition in this case. For the taxable years here in issue, 1975 and 1976, petitioner failed to file Federal income tax returns on the due dates. She also failed to file any State income tax returns for those years, although she had filed Maryland State Income Tax Returns from 1966 through 1974. For the years prior to 1975 that petitioner did file Federal income tax returns, she claimed two exemptions *349 and reported all of her income. Petitioner's only dependent is her son. During the years 1975 and 1976, petitioner was employed by Lever Brothers, for whom she had worked since June 1966. As compensation for her services, petitioner received a salary, and has experienced regular income increases. Petitioner received gross income of $10,056.44 in 1975 and $9,577.38 in 1976. During the course of her employment with Lever Brothers, petitioner filed various Forms W-4 (Employee's Withholding Exemptions Certificate) and W-4E (Exemption from Withholding). On a W-4 dated August 3, 1970, petitioner claimed "0" withholding exemptions. On October 7, 1975, she filed a W-4 claiming 13 withholding allowances. As a result of these W-4's, $1,103.33 was withheld in 1975 (the W-4 claiming 13 exemptions not being effective to eliminate withholding until late in 1975) and nothing was withheld for 1976. Petitioner filed a W-4E for 1977 certifying that she incurred no liability for Federal income tax for 1976 and that she anticipated that she would incur no liability for Federal income tax for 1977. The effect of filing this form was that no taxes would be withheld from her wages. Petitioner *350 joined the Moorish Science Temple (the Temple) during 1975. Leaders of the Temple have at various times counseled its members to avoid paying Federal income tax by filing false W-4's and W-4E's and by not filing Federal income tax returns. In his statutory notice of deficiency, respondent determined petitioner had unreported income of $10,065.44 in 1975 and $9,577.38 in 1976, representing wages she received from Lever Brothers. Petitioner was also allowed the standard deduction for 1976 and two exemptions for 1975 and 1976. OPINION Petitioner asserts that she, as a Moorish American, is exempt from Federal income taxation. We have rejected this argument numerous times in cases involving members of the same Moorish Science Temple. Habersham-Bey v. Commissioner,78 T.C. 304 (1982). [2] Those cases clearly dispose of this issue and require that we sustain respondent's determination. On the question of the additions *351 to tax for fraud, the burden of proof rests on respondent to show that at least some portion of the understatement of income for each year was due to fraud with the intent to evade tax. Section 7454(a), Estate of Temple v. Commissioner,67 T.C. 143, 159 (1976); Rule 145(b), Tax Court Rules of Practice and Procedure. Fraud means an intentional wrongdoing and the intent required is the specific purpose to evade a tax believed to be owing. Mitchell v. Commissioner,118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939). Fraud must be established by clear and convincing evidence. Brittingham v. Commissioner,66 T.C. 373, 403 (1976), affd. 598 F.2d 1325 (5th Cir. 1979). Failure to file a return, standing alone, does not in itself establish fraud. Beaver v. Commissioner,55 T.C. 85, 93 (1970); Grosshandler v. Commissioner,75 T.C. 1, 19 (1980), on appeal (7th Cir. Dec. 22, 1981); Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963); Jones v. Commissioner,259 F.2d 300 (5th Cir. 1958); revg. 25 T.C. 1100 (1956); *352 First Trust and Savings Bank v. United States,206 F.2d 97 (8th Cir. 1953). This is so because in order to impose the fraud penalty it must be shown that the taxpayer is "motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Tomlinson v. Lefkowitz,334 F. 2d 262 (5th Cir. 1964). "The fraud meant is actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. Mere negligence does not establish either." Mitchell v. Commissioner,118 F.2d 308, 311 (5th Cir. 1941). [3]
*353 Failure to file may be considered, however, in connection with other factors in determining whether fraud is present. "The critical question is whether the circumstances attending a particular failure to file warrant an inference of intention to evade taxes." Cirillo v. Commissioner, supra at 482. See also, Grosshandler v. Commissioner,supra.We therefore must examine the evidence contained in the record beyond the mere fact of non-filing in order to determine whether petitioner's actions reflect a deliberate attempt to evade her income tax obligations. In support of his fraud determination, respondent notes that as a long-time employee of Lever Brothers, petitioner had filed both Federal and Maryland income tax returns for many years prior to 1975. Additionally, she claimed 13 exemptions that she knew would eliminate withholding on her salary. Nevertheless, on the entire record before us, we do not believe petitioner had the requisite intent to evade a tax believed to be owing. We found her to be an honest and sincere witness, who embraced the religious and racial beliefs of the Moorish Science Temple. The sect's leaders had convinced *354 her that these religious and racial beliefs, and her affiliation with the Temple, accorded her a tax exempt status. Evidence adduced at trial indicates that petitioner, along with other members of the Moorish Science Temple, were informed that a conference was held between leaders of the Temple and officials of the Internal Revenue Service at which it was decided and agreed that until a more formal method was devised for indicating the tax-exempt status of the Temple members, all members of the sect should file W-4 Forms claiming the additional exemptions. Although we find it implausible that respondent's representatives actually agreed to such an arrangement, we believe petitioner was actually convinced by the leaders of the sect that such a compromise had been reached, and therefore decide the fraud issue for petitioner. Compare Wiggins-El v. Commissioner,T.C. Memo. 1981-495, with Habersham-Bey v. Commissioner, supra.
The additions to tax for failure to file a return and for negligence are another matter. Although again respondent shoulders the burden of proof due to the fact that both issues were raised by respondent belatedly in an amendment *355 to the answer ( Florists' Transworth Delivery Assoc. v. Commissioner,67 T.C. 333, 348 (1976); Rule 142(a), Tax Court Rules of Prctice and Procedure), respondent must prevail. Petitioner admits to having filed no returns for either of the years before us, and the record is replete with indications of negligence and intentional disregard of the rules and regulations. Petitioner argues that she now realizes that she should have filed returns claiming tax-exempt status, but she claims to have been misled by one Sheik Clarence Reynolds-El, who deceived her into thinking that the proper approach was not to file anything. The fact remains, however, that in spite of this new-found wisdom, petitioner as of the time of trial had still not filed any documents purporting to be returns for either year. Even if she had, forms claiming taxexempt status and nothing more do not qualify as "returns" and the addition to tax under section 6651(a) would still be applied. Reiff v. Commissioner,77 T.C. 1169 (1981). In the absence of reasonable cause excusing either violation, we must sustain the additions to tax under sections 6651(a)(1) and 6653(a). Decision *356 will be entered under Rule 155.
Footnotes
*. The issues with respect to the additions to tax under secs. 6651(a) and 6653(a) were raised for the first time in an amendment to the answer.↩
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise specified.↩
2. See also, Bratton-Bey v. Commissioner,T.C. Memo. 1982-19, on appeal (4th Cir. Jan. 25, 1982). Wiggins-El v. Commissioner,T.C. Memo. 1981-495; Gaines-El v. Commissioner,T.C. Memo. 1975-54↩.
3. The statute itself formerly provided that part of the deficiency must be due to fraud "with the intent to evade tax." Sec. 293(b), I.R.C. 1939; Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963). This "intent to evade" language was deleted by the passage of the Internal Revenue Code of 1954, see sec. 6653(b); however, we have held that "this difference in wording was not a change in the proof necessary to show that a taxpayer is liable for an addition to tax for fraud," Goodwin v. Commissioner,73 T.C. 215, 227 (1979), and the specific intent to evade tax remains a "necessary element of proof under sec. 6653(b)." Considine v. Commissioner,68 T.C. 52, 61, n. 8 (1977); on appeal (9th Cir. December 1, 1980). See, e.g., Loftin and Woodward, Inc. v. United States,577 F.2d 1206, 1244 (5th Cir. 1978); Wilson v. Commissioner,76 T.C. 623, 633 (1981); Conforte v. Commissioner,74 T.C. 1160, 1201↩ (1980), on appeal (9th Cir. August 28, 1981).