PAUL W. YATES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yates v. Commissioner
Docket No. 21603-88.
United States Tax Court
T.C. Memo 1989-285; 1989 Tax Ct. Memo LEXIS 285; 57 T.C.M. (CCH) 690; T.C.M. (RIA) 89285; June 13, 1989. Paula M. Junghans, for the petitioner. Elizabeth S. Henn, for the respondent. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: After concessions, the only remaining question is whether respondent has met the burden of showing by clear and convincing evidence that petitioner committed fraud, and is liable for additions to tax under section 6653(b). [1] Specifically, the issue for decision is whether petitioner, virtually all of whose income was subject to withholding and who took no steps otherwise to reduce his taxes, was fraudulent in knowingly failing to file income tax returns for the years 1980 through *286 1982. We hold that respondent failed to carry his burden of proving that petitioner's failure to file returns was fraudulent where petitioner's failure to file was due to his belief that withholding from his wages was sufficient to cover his tax liability for the years at issue and not an attempt to evade income taxes. Respondent determined deficiencies for the 1980, 1981 and 1982 taxable years as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1) *
Sec. 6653(b)(2)
1980
$ 1,758
$ 14,505
--
1981
949
23,266
--
1982
500
21,536
50% of interest
on $ 6,750
FINDINGS OF FACT Petitioner resided in Washington, D.C. at the time his petition was filed. Petitioner was born and raised in Johnstown, Pennsylvania. He is the youngest of four children and the only one of the four to graduate from high school. After *287 high school, petitioner worked for a time as a substitute teacher in a Catholic elementary school, and later in a Catholic high school. Petitioner also worked for 2 years as a personnel assistant for People's Gas, a natural gas company in Pittsburgh, Pennsylvania. Petitioner then became the general manager of a radio station in Boston, Massachusetts, a position he held for several years. While in Boston, he became president of the Sheridan Broadcasting Corporation, a group formed to purchase three radio stations. Petitioner worked for Sheridan for 5 years. His income tax returns were prepared by the comptroller of Sheridan. In 1978, petitioner began employment with Westinghouse Broadcasting and Cable Incorporated. He was assistant general manager of WBZ, a radio station in Boston, for 2 years, and in 1980 took a 5-month temporary assignment as acting general manager of KDKA, a radio station in Pittsburgh. During the remainder of 1980 through 1984, petitioner was vice-president and general manager of WJZ-TV, a television station in Baltimore, Maryland. In 1984, petitioner moved to the Philadelphia, Pennsylvania, Westinghouse television affiliate, where he remained until he *288 left Westinghouse in March 1985. During the years at issue, petitioner's primary source of income was his wage income from Westinghouse. His only other source of income was $ 99 in interest income earned in 1980. Petitioner did not file income tax returns for the years 1977 through 1982. During 1979 through 1981, petitioner received several notices from the Internal Revenue Service (IRS) inquiring about his unfiled returns. In December 1983, petitioner was contacted by the Criminal Investigation Division of the IRS regarding his unfiled returns. Petitioner subsequently pleaded guilty to one count of violating section 7203 of the Internal Revenue Code (willful failure to file an income tax return) for taxable year 1981. He was sentenced to 7 months' incarceration, with 6 months suspended, and was fined $ 10,000. Petitioner claimed one withholding allowance in 1980-1982. The following table shows the amount withheld from petitioner by Westinghouse and his Federal income tax liability for 1980, 1981 and 1982: Year
Amount Withheld
Total Tax Owed
% Withheld
1980
$ 24,889
$ 29,009
85.8%
1981
$ 39,816
[2] $ 46,238
86.1%
1982
$ 36,322
$ 43,072
84.3%
*289 Petitioner knew of his obligation to file income tax returns. At trial he indicated that he did not know why, after a period of previous filings of income tax returns, he failed to file tax returns, but that he always intended to "get around" to doing so. Petitioner testified that he filed two requests for extensions some time during the years he did not file returns. Petitioner stated that he assumed he did not owe any additional tax, or very little, because he believed his withholding on his wages from Westinghouse was adequate to cover any tax liability he had for the years at issue. We believe petitioner on this point. We do not think he knew he was being underwithheld. Respondent sought to attack petitioner's credibility by showing he had misrepresented his academic record. At some time shortly after he began working for Westinghouse, petitioner claimed to have received both college and graduate degrees, despite the fact that he had never attended college. Petitioner later admitted *290 his misrepresentation of his credentials to his employers. Respondent also sought to attack petitioner's credibility by showing he had supplied false information on credit applications. During 1981 and 1982, petitioner made several credit and loan applications with various institutions in Baltimore. On one loan application to Equitable Trust Bank, petitioner indicated that he had "other" income from a company bonus and from teaching at Johns Hopkins University. On a second loan application to Equitable he stated that he had teaching income from Johns Hopkins University as well as rental income. At trial, petitioner admitted that he owned no rental property from which he could have received rental income and that he did not teach at nor receive income from Johns Hopkins University at any time. Similarly, on a credit application to the Credit Union of Maryland, petitioner falsely claimed ownership of a $ 350,000 home in Boston. During the years at issue, petitioner did not accumulate material assets, such as cars, real property, stocks, securities, jewelry or the like. He never consulted a tax planner, and he took no affirmative steps to reduce his tax liability. Petitioner *291 was at all times capable of paying any tax liability he incurred during those years. Petitioner testified that he helped put his nephew through prep school and college and helped pay for his niece's nursing school education. In fact, one of his loans from Equitable discussed earlier was for his niece's education. Sometime during the summer of 1983 petitioner met with Mark Finley, a Certified Public Accountant and former student from Johnstown. In October 1983, petitioner wrote to Finley and mentioned "some personal accounting matters" with which he needed help. However, petitioner did not contact Finley again until December 1983, after the Criminal Investigation Division had notified petitioner of its investigation of him. Finley referred petitioner to an attorney for help with his tax problems. Due to Finley's busy schedule during the 1984 tax season, he and petitioner were not able to begin work on petitioner's unfiled returns until May 1984. Petitioner provided Finley with all the necessary records and documents, except those documents that had to be obtained from banks and other third parties. Finley indicated that it took approximately 6 months to prepare the returns *292 for 1978 through 1982 since they were dealing with old tax years and had to compute both the tax and interest due. In December 1984, petitioner filed returns for tax years 1978 through 1982 and paid both tax and interest. With the exception of several minor issues which have since been conceded, petitioner's belatedly filed returns for tax years 1978 through 1982 were accepted by the IRS as filed. OPINION The issue for decision is whether petitioner was fraudulent in his failure to file returns for the years 1980 through 1982. The existence of fraud is a question of fact to be determined from the entire record. Grosshandler v. Commissioner,75 T.C. 1 (1980); Stratton v. Commissioner,54 T.C. 255 (1970). Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Stone v. Commissioner,56 T.C. 213, 220 (1971). Fraud is never presumed; rather, it must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85 (1970). Fraud, however, may be inferred by any conduct, the effect of which would be to mislead or conceal, Spies v. United States,317 U.S. 492, 499 (1943), *293 or otherwise prevent the collection of taxes, Webb v. Commissioner,394 F.2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; or where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,80 T.C. 1111 (1983); Stone v. Commissioner,56 T.C. 213 (1971). Fraud may also be proven by circumstantial evidence because direct evidence of the taxpayer's intent is rarely available. Bradford v. Commissioner,796 F.2d 303, 307 (9th Cir. 1986); Stephenson v. Commissioner,79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). For purposes of section 6653(b), fraud means "actual, intentional wrongdoing," Mitchell v. Commissioner,118 F.2d 308 (5th Cir. 1941); [3] or the intentional commission of an act or acts for the specific purpose of evading a tax believed to be owing. Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; McGee v. Commissioner,61 T.C. 249 (1973), affd. 519 F.2d 1121 (5th Cir. 1975), cert. denied 424 U.S. 967 (1976). *294 Petitioner failed to file income tax returns for 1977 through 1982. However, failure to file returns, without more, does not establish fraud. Kotmair v. Commissioner,86 T.C. 1253, 1261 (1986); Grosshandler v. Commissioner, supra at 19. Such failure may be considered in connection with other facts in determining the existence or absence of fraud. Cirillo v. Commissioner,314 F.2d 478 (3d Cir. 1963); Beaver v. Commissioner, supra;Bennett v. Commissioner,30 T.C. 114 (1958). [4] The fact that petitioner's failure to file was knowing or willful does not make it fraud. Stoltzfus v. United States,398 F.2d 1002, 1005 (3d Cir. 1968); Cirillo v. Commissioner, supra;Jones v. Commissioner,259 F.2d 300 (5th Cir. 1958); First Trust & Savings Bank of Davenport, Iowa v. United States,206 F.2d 97 (8th Cir. 1953). Similarly, an extended pattern of nonfiling over a period of years is not in itself enough to warrant the imposition of the addition to tax for fraud, Cirillo v. Commissioner, supra, *295 but it may be persuasive evidence of an intent to defraud the government. Stoltzfus v. United States, supra at 1005. To establish fraud, respondent must prove by clear and convincing evidence that at least some part of the deficiency was due to fraud with intent to evade taxes. Secs. 6653(b), 7454(a); Rule 142(b); Hebrank v. Commissioner,81 T.C. 640, 642 (1983). Petitioner believed his taxes were fully or virtually all paid through withholding. Petitioner had no intent to evade taxes. Petitioner failed to file his returns for a period of 6 years. However, unlike the long line of cases in which a pattern of nonfiling has been accompanied by other indicia of fraud, there are no similar indicia of fraud present here. Petitioner did not submit false withholding certificates to his employer claiming an excessive number of exemptions. Hebrank v. Commissioner, supra at 642; Rowlee v. Commissioner, supra at 1125, 1126; Stephenson v. Commissioner,79 T.C. at 1007. Nor did petitioner make false statements to or fail to cooperate *296 with respondent's agents during the course of their examination, Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958), nor did he fail to keep complete and adequate records of his income. Grosshandler v. Commissioner, supra at 20. Similarly, there is no evidence that petitioner attempted to conceal income by, for example, depositing his money solely in noninterest-bearing accounts since banks report interest payments to the government. Marsellus v. Commissioner,544 F.2d 883, 886 (5th Cir. 1977). Respondent has failed to show any other of the various indicia or "badges of fraud" including: (1) substantial understatements of income, (2) inadequate records, (3) concealing assets, and (4) failure to cooperate with tax authorities. Bradford v. Commissioner,796 F.2d 303, 307-308 (9th Cir. 1986). Rather, the evidence shows that petitioner had over $ 100,000 of tax withheld during 1980 through 1982, 85% of his tax liability for those years. In addition, petitioner maintained adequate records and was able to figure (and pay) his tax due accurately although belatedly. See Wells v. Commissioner,T.C. Memo. 1958-160. *297 Finally, there is no evidence that petitioner engaged in any attempt to reduce his tax liability (legally or otherwise). We note that petitioner was fully subject to withholding on his wage income for the 3 years at issue. He claimed only one withholding allowance, and was withheld as a single person. Since virtually all of petitioner's income in these years was from wages, with the exception of $ 99 of interest income earned in 1980, it appears that the underwithholding occurred as a result of the design of the tax system (i.e., the disparity between the withholding tax tables and income tax rates) in the years at issue. During those years the top income tax rate on earned income was 50 percent yet the top withholding tax rate was 39 percent (37 percent for wages paid after September 30, 1981). We also note that petitioner in the past has made false statements, e.g., misrepresenting his credentials to his employer and lying on credit and loan applications, when it was to his financial advantage to do so. However, we do not believe that this bears directly on whether petitioner committed fraud and we therefore accord this fact limited weight. During the course of this proceeding *298 petitioner has impressed us as an individual of intelligence and ability who was aware of his obligation to file income tax returns. That he failed to do so is not in dispute. However, respondent has not demonstrated any fraudulent intent on petitioner's part in failing to file his returns in an attempt to conceal income from the government. Instead, we are convinced that petitioner failed to file returns because he believed that withholding from his wages was sufficient to cover whatever tax liability he had incurred. Petitioner's belief, notwithstanding, he was found guilty of willful failure to file a return for the taxable year 1981. However, we conclude that petitioner did not intend to conceal income or evade a tax known to be owing when he willfully failed to file a return for 1981 and knowingly failed to file returns for years 1980 and 1982. Accordingly, we find that respondent has failed to prove by clear and convincing evidence that petitioner's failure to file income tax returns for years 1980 through 1982 was fraudulent. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. For tax years 1980 and 1981, the addition to tax under sec. 6653(b) is applicable.↩
2. This figure was derived by subtracting the amount conceded by respondent for tax year 1981 from taxable income, and then recomputing the tax due on the revised taxable income amount.↩
3. Pavlic v. Commissioner,T.C. Memo. 1984-182↩.
4. Sarcone v. Commissioner,T.C. Memo. 1985-548↩.