WALTER H. AND GLENDA M. WAINRIGHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
WAINRIGHT v. COMMISSIONER
Docket No. 4910-88
United States Tax Court
T.C. Memo 1993-302; 1993 Tax Ct. Memo LEXIS 303; 66 T.C.M. (CCH) 94; July 13, 1993, Filed *303 An appropriate order will be issued and a decision will be entered under Rule 155. Walter H. and Glenda M. Wainright, pro se. For respondent: Linda K. West. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to the provisions of section 7443A(b)(4) [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: This case is before the Court, in part, on respondent's oral motion to dismiss for failure properly to prosecute under Rule 123(b) and, in part, for adjudication of petitioners' liability for the additions to tax for fraud under section 6653(b). Respondent determined deficiencies in petitioners' Federal income taxes, increased interest, *304 and additions to tax with respect to the following tax years: Increased Interest and Additions to Tax Year
Deficiency
Sec. 6621
Sec. 6653(b)
Sec. 6661(a)
1977
$ 33,794
[1]
$ 16,897
$  8,449
1978
106,435
[1]
53,218
26,609
1979
345,829
[1]
172,659
86,457
1980
212,529
[1]
106,265
53,132
Additions to Tax
Sec.
Sec.
Sec.
Sec. Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661(a)
1981
$ 94,619.27
$ 23,654.82
$ 4,730.96
[1]
$ 9,901
1982
24,460.94
6,115.24
1,223.05
[1]
6,115
1983
10,566.00
528.30
528.30
[1]
2,642
For the years 1977 through 1980, respondent alleged and claimed in an Amendment to Answer filed December 12, 1988, that alternatively to section 6653(b), petitioners are liable for the additions to tax for filing delinquent returns under section 6651(a)(1) and for negligence under section 6653(a)(1). At the time the petition was filed, petitioners were residents of Richmond, British Columbia, *305 Canada. In the answer, respondent alleged specific facts in support of the additions to tax for fraud under section 6653(b) for the years 1977 through 1980. Petitioners filed a reply denying the affirmative allegations. Respondent thereafter filed a request for admissions under Rule 90(a). Petitioners never responded or objected to the request. Under Rule 90(c), allegations of fact in a properly served request for admissions are deemed admitted unless the taxpayer responds by answer or objection within 30 days after service of the request. See Freedson v. Commissioner, 65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Because petitioners failed to answer or otherwise respond to the request for admissions, the requested admissions are deemed admitted by petitioners. See Rule 90(c). This case was calendared for trial; however, when the case was called, petitioners failed to appear. At that time, respondent moved for dismissal under Rule 123(b) of so much of the case with respect to which petitioners bear the burden of proof. As to the additions to tax for fraud, with respect to which respondent bears the burden *306 of proof, respondent rested the case on the deemed admissions under Rule 90(c). Rule 123(b) provides, in pertinent part, as follows: Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, * * *.
It is well settled that a petitioner's unexcused failure to appear at trial justifies dismissal of the case for failure properly to prosecute under Rule 123(b). Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986). Because petitioners failed to appear for the scheduled trial of their case, respondent's oral motion to dismiss for failure properly to prosecute will be granted, and this case will be dismissed as to those issues with respect to which petitioners bear the burden of proof, with one exception. The additions to tax under section 6661(a) do not apply to the 1977 through 1981 tax years. Section 6661(a) was enacted into *307 law as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324. The addition to tax for substantial understatement of tax under section 6661(a), pursuant to section 323(a) of TEFRA, 96 Stat. 613, applies to those tax years the returns for which are due to be filed, without regard to extensions, after December 31, 1982. Therefore, respondent's determination of the section 6661(a) additions to tax as to petitioners' 1977 through 1981 tax years was erroneous, and, accordingly, petitioners are sustained with respect to the section 6661(a) additions to tax. However, in all other respects, as to which petitioners bear the burden of proof, respondent is sustained. Accordingly, petitioners are liable for the deficiencies in tax for the years 1977 through 1983 and for the increased interest under section 6621 for the years 1977 through 1980. For the years 1981 through 1983, petitioners are liable for the additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2). For the years 1982 and 1983, petitioners are liable for the additions to tax under section 6661(a). With respect to the additions to tax for fraud under section 6653(b) *308 for the years 1977 through 1980, as to which respondent bears the burden of proof, respondent rested the case at trial on the facts deemed admitted under Rule 90(c). Respondent presented no other evidence and, through counsel, stated to the Court that respondent was satisfied that the facts established through the deemed admissions were sufficient to carry respondent's burden of proof. Section 6653(b) provides that, if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Fraud exists only when (1) there is an underpayment of taxes, and (2) the taxpayer knowingly underpaid the taxes with the specific intent to evade a part of the taxes underpaid. Wright v. Commissioner, 84 T.C. 636, 639-643 (1985). Fraud is a serious matter and is not to be presumed or based upon circumstantial evidence which creates merely a suspicion of fraud. Carter v. Campbell, 264 F.2d 930, 935 (5th Cir. 1959); Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Respondent has the burden of proving all *309 elements of the fraud addition by evidence which is clear and convincing. Sec. 7454(a); Rule 142(b); Grosshandler v. Commissioner, 75 T.C. 1, 19 (1980). The existence of fraud is a question of fact which must be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). As previously noted, respondent served petitioners with a written request for admissions, and petitioners failed to answer or object thereto; therefore, the allegations of fact contained in the request for admissions are deemed admitted under Rule 90(c). Facts deemed admitted under Rule 90(c) are sufficient to establish that a part of the underpayment was due to fraud if the admissions requested contain specific facts which constitute the requisite clear and convincing evidence. Marshall v. Commissioner, 85 T.C. 267 (1985); Doncaster v. Commissioner, 77 T.C. 334 (1981); cf. Smith v. Commissioner, 91 T.C. 1049, 1058 (1988). The *310 admissions establish that, during the years at issue, Walter H. Wainright (petitioner) was engaged in selling to investors interests in several entities; that none of the entities ever realized a profit and filed no Federal income tax returns for years after 1983 (years which are not at issue in this case); that petitioner failed to report substantial amounts of income arising out of his promotional activities and, in particular, through a corporation, Retirement Plans, Inc., and other related entities; that the unreported income was determined through analyses of bank deposits; and that petitioner failed to report dividend and capital gain income. During 1990, petitioner was convicted in the United States District Court for the Eastern District of Louisiana for Federal mail fraud violations, 18 U.S.C. sec. 1341 (1988), and for preparation of false income tax returns under 26 U.S.C. sec. 7206(2) (1988). The mail fraud violations were in connection with a self-insured health program that the sheriff of Jefferson Parish, Louisiana, commenced in 1982 for his employees. Petitioner was convicted of making false *311 representations that payments to him from participants in the program were used to obtain legitimate insurance coverage which would cover claims in excess of certain amounts. His activities in this program occurred during 1982, 1983, and 1984. Petitioner's conviction for preparation of false income tax returns involved a corporation, Sigma, Inc., in which petitioner provided the information which falsely supported the gross income of Sigma, Inc., on the Federal income tax returns of the corporation for 1983 and 1984. The conviction was not related to petitioners' individual Federal income tax returns. The record does not establish what relationship, if any, petitioner had with Sigma, Inc. These facts fall short of establishing fraud by clear and convincing evidence. In Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601, the Ninth Circuit Court of Appeals articulated a nonexclusive list of factors which demonstrate fraudulent intent. These "badges of fraud" include: (1) Understating income, (2) maintaining inadequate records, (3) failing to file tax returns, (4) giving implausible *312 or inconsistent explanations of behavior, (5) concealing assets, (6) failing to cooperate with tax authorities, (7) engaging in illegal activities, (8) attempting to conceal illegal activities, (9) dealing in cash, and (10) failing to make estimated tax payments. Other badges include the backdating of checks or the filing of false documents such as the Form W-4E. Stephenson v. Commissioner, 79 T.C. 995, 1007 (1982), affd. per curiam 748 F.2d 331 (6th Cir. 1984). See Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). For purposes of section 6653(b), fraud means "actual, intentional wrongdoing", Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941); or the intentional commission of an act or acts for the specific purpose of evading a tax believed to be owing. Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), affg. T.C. Memo. 1966-81; McGee v. Commissioner, 61 T.C. 249 (1973), affd. 519 F.2d 1121 (5th Cir. 1975). Fraud is never presumed *313 or decided on the basis of suspicion; rather, it must be established by affirmative evidence. Beaver v. Commissioner, supra.Our review of the record does not convince us that petitioners' underpayments were due to fraud. The most serious evidence against petitioner involved his criminal convictions; however, those activities occurred after the years for which respondent determined the additions to tax for fraud. There is no evidence to show that petitioner Glenda H. Wainright was involved in the criminal activities of Mr. Wainright. Although petitioners underreported substantial amounts of income, there is no evidence to link their underreporting activity with the badges of fraud to sustain the additions to tax under section 6653(b). Petitioner's conviction for preparation of false income tax returns did not involve petitioners' returns, but those of a corporation. Respondent, therefore, has failed to present clear and convincing evidence that petitioners intended to evade the payment of all or a portion of the underpayments in tax for the years 1977 through 1980. Consequently, the additions to tax for fraud under section 6653(b) for those *314 years are not sustained. However, because respondent alternatively alleged and claimed in an Amendment to Answer filed December 12, 1988, the additions to tax for those years under section 6651(a)(1) and section 6653(a)(1), we hold that petitioners are liable for such additions to tax. An appropriate order will be issued and a decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 120 percent of the established interest rate.↩
1. 50 percent of the interest due on each deficiency, except as to 1981, which is 50 percent of the interest due on an underpayment of $ 39,602.↩