BRUCE HAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RespondentHand v. CommissionerDocket No. 7580-79United States Tax CourtT.C. Memo 1982-457; 1982 Tax Ct. Memo LEXIS 287; 44 T.C.M. (CCH) 738; T.C.M. (RIA) 82457; August 5, 1982. Randy Durfee, for the respondent. KORNERMEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies of income tax and statutory additions to tax as follows: Taxable Year EndedAddition to TaxDecember 31DeficiencyUnder Section 6653(b) 11971$472.80$543.001972799.72805.5019731,323.00947.5919747,416.264,065.581975536.00292.00When this case was called for trial by the Court on March 1, 1982, at Ogden, Utah, there was*288 no appearance for the petitioner. Respondent accordingly moved that this case be dismissed for failure to prosecute, with respect to those issues, viz., the tax deficiencies, upon which petitioner had the burden of proof, Rules 123, 142(a), 149, Tax Court Rules of Practice and Procedure.2 Respondent's motion was granted. As to the issue of fraud, upon which respondent has the burden of proof, respondent thereupon submitted the case under Rule 122. Such submission was accepted by the Court, and simultaneous briefs were ordered. Respondent's principal brief was timely filed. No brief was received from petitioner. The evidence in the case consists of a stipulation of facts, together with a number of joint exhibits which were filed as part of the stipulation, and respondent's request for admissions of fact, which were not denied, and are therefore deemed to be admitted under the provisions of Rule 90(c). The relevant facts thus established are the following: Bruce Hand, petitioner herein, maintained his legal residence in the State of Wyoming at the time of the filing of the petition*289 herein. Petitioner's correct social security number is 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. During the taxable years 1971 through 1975 petitioner at various times used other names or aliases on documents filed with his employers and with the Internal Revenue Service, including the names B. MacHand, Bruce MacHand, B. Bruce MacHand, Bruce A. MacHand and B. Hand. During the same period of time, petitioner at various times supplied to his employers (and through them to the Internal Revenue Service) social security numbers other than his own social security number. During the period 1971 through 1975, petitioner had two children, whose names and dates of birth were as follows: ChildDate of BirthLysia MariaJuly 10, 1969Christian EmersonMay 20, 1971Petitioner properly filed Federal invididual income tax returns for the taxable years 1966, 1967 and 1970. Petitioner did not file Federal income tax returns for the taxable years 1971 through 1975. During the years 1971 through 1975, petitioner had wage income, net rental income (after allowable expenses), net capital gains and Federal income tax withheld as shown by the following table: WageNet RentalCapitalIncome TaxYearIncomeIncomeGainsWithheld1971$7,377.57$613.2019729,030.45$629.35809.7119738,011.383,718.89572.18197421,323.288,371.94$6,686.72688.1019752,349.675,577.8041.80*290 With the exception of the year 1974, when petitioner worked continuously for one employer, petitioner worked for various employers during the period 1971 through 1975. His wages from all these employers were subject to withholding of Federal income tax. In connection with his employment, petitioner filed one or more forms W-4, "Employee's Withholding Allowance Certificate" and/or form W-4E "Exemption from Withholding" certificates with his various employers. With respect to each year, on one or more of said certificates, petitioner made false statements with respect to either (a) his correct name; (b) his correct social security number; and/or (c) the correct number of dependency exemptions allowable to him. The following table shows, with respect to each year here in issue, the number of false certificates filed, and the number of times false statements were made with respect to each of said three items: NO. OF FALSE STATEMENTSIN REGARD TONO OF FALSESOCIALNUMBER OFYEARFORMS FILEDNAMESECURITY #EXEMPTIONS197110011972443419737757* 19741110* 19756663*291 Petitioner's marital status and the dependency status of his children during the years 1971-1975 is unclear in this record. Even assuming, arguendo, that petitioner was married to a dependent wife who filed no separate return and that he was the principal support of his children in all these years, however, the maximum number of exemptions to which he would have been entitled in each year was 4 (including himself). In the false exemption certificates filed by petitioner on this item, as tabulated above, the number of exemptions claimed ranged from a low of 6 to a high of 99. In 1977, petitioner was convicted, in the United States District Court for the District of Wyoming, upon a jury verdict, of willful failure to file Federal income tax returns for the years 1972, 1973 and 1974, in violaton of section 7203. Some time in the year 1975, petitioner filed a Form 1040 with the Internal Revenue Service, purporting to be a return of income for the year 1974. Said form contained various alleged constitutional objections to the filing of income tax returns, and did not provide information from which petitioner's income and tax liability could be determined. On this form, petitioner*292 used the name "Bruce MacHand", and gave a false social security number. In 1975, the Internal Revenue Service notified petitioner that said form 1040 was not acceptable as a return of his income for the year 1974. The effect of the use of false names and social security numbers by petitioner in his various withholding certificates for the years in issue was to mislead respondent with respect to petitioner's identity and the total amounts of wage income received by him during those years. The effect of the use of false exemptions claimed in said withholding certificates was to mislead respondent with respect to petitioner's correct taxable income in the years in question. Petitioner failed to file income tax returns for the years in issue with respect to taxable income in the following amounts: YEARTAXABLE INCOME1971$7,204.1719729,659.8019739,220.73197428,744.4819757,927.47The resulting deficiencies in income tax for the respective years, as determined by respondent, are due, in whole or in part, to fraud with intent on the part of the petitioner to evade tax. The deficiencies in tax herein, as determined by respondent, are no longer*293 in issue. Petitioner had the burden of proof with respect to the amount of such deficiencies, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner having failed to appear at trial or prosecute his case in any other manner as to issues on which he had the burden of proof, respondent properly moved for decision in his favor based upon petitioner's failure to prosecute, and such motion was granted. Rules 123, 149. 3Thus, the only remaining issue in this case is whether petitioner is liable for statutory additions to tax under section 6653(b), on the grounds that all or part of the deficiencies for each year were due to fraud with intent to evade tax. On this issue, respondent has the burden of proof by clear and convincing evidence. Section 7454(a); Rule 142(b). Fraud, as used in section 6653(b), means actual intentional wrongdoing. Mitchell v. Commissioner,118 F.2d 308 (5th Cir. 1941). The intent*294 required is a voluntary, intentional violation of a known legal duty; in this case, to evade a tax believed to be owing. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Estate of Temple v. Commissioner,67 T.C. 143, 159 (1976), appeal dismissed (5th Cir. 1977). Where direct evidence of fraudulent intent is not available, its existence may be determined from the conduct of the petitioner and the surrounding circumstances. Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The Supreme Court has stated that an "* * * affirmative willful attempt may be inferred from * * * any conduct, the likely effect of which would be to mislead or conceal." Cf. Spies v. United States,317 U.S. 492, 499 (1943). Viewing the record herein, with its consistent pattern of falsification in petitioner's exemption certificates, both with respect to his identity, his social security number and the number of his exemptions, coupled with his failure to file returns for the years in issue, when he clearly knew that he had gross income which would have required the filing*295 of such returns (even though his allowable deductions might arguably have been sufficient to result in no net taxable income), we are irresistibly led to the conclusion that respondent has carried his necessary burden of proof, and that a clear and consistent pattern of fraudulent conduct by petitioner has been made out. Upon this record, we can find no credible reason for petitioner to have believed that he was not liable for filing income tax returns for the years 1971 through 1975. Compare Adler v. Commissioner,422 F.2d 63, 66 (6th Cir. 1970). However, quite aside from the inferences that can be drawn from petitioner's failure to act, there is more compelling evidence of petitioner's fraud in the affirmative acts which he did commit. The false information provided by petitioner on his Forms W-4 and W-4E, as outlined in our findings herein, had the necessary effect of substantially lessening the proper amount of tax to be withheld from petitioner's wages or completely eliminating the withholding of such tax altogether. Such overt actions have long been held to be indicia or badges of fraud. Nielson v. Commissioner,T.C. Memo. 1980-453; *296 Forbush v. Commissioner,T.C. Memo. 1979-214. The use of false names as a means of concealing income has been held by us to be evidence of fraud. Yu v. Commissioner,T.C. Memo. 1973-188; Staff v. Commissioner,T.C. Memo. 1954-59. The use of false social security numbers, likewise confusing respondent as to petitioner's identity, has also been considered evidence of fraudulent intent. Gaar v. Commissioner,T.C. Memo. 1981-696, appeal pending 5th Circuit. Last, but by no means least, petitioner was served by respondent herein with a request for admissions under Rule 90, in which petitioner was specifically asked to admit that he fraudulently intended to evade tax by failing to file income tax returns for the years in issue, and that he fraudulently filed false withholding certificates with respect to said years. Upon petitioner's failure to respond to said request for admissions within the time provided by the Court's rules, said facts are deemed to be admitted, Rule 90(c). *297 Such facts so admitted may be used to support respondent's burden of proof on the fraud issue. Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978); compare Doncaster v. Commissioner,77 T.C. 334 (1981). We accordingly conclude that respondent has met his necessary burden of proof in this case on the fraud issue. Decision will be entered for respondent.Footnotes1. All section references herein are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩2. All references to rules herein are to the Tax Court Rules of Practice and Procedure.↩*. In these years, one or more of the forms was Form W-4E, containing the statement that petitioner had no income tax liability for the preceding year and anticipated none for the current year. Such statements were false.↩3. See Doncaster v. Commissioner,77 T.C. 334 (1981); Gilday v. Commissioner,62 T.C. 260↩ (1974).